## UNITED STATES v. PEACE et al.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1893.)

### No. 25.

INTERNAL REVENUE—TAX ON SPIRITS—DISTILLERY WAREHOUSES.

Rev. St. § 3293, as amended by Act May 28, 1880, § 4, (21 St. at Large, p. 146,) requires distillers to give a bond conditioned to pay the tax on spirits stored in distillery warehouses, before removal therefrom, or within three years from the date of the bond. *Held,* that the destruction of

such spirits by fire while in the warehouse constituted a "removal," so as to make the tax payable before the expiration of the three years. 48 Fed. Rep. 714, reversed.

In Error to the Circuit Court of the United States for the Eastern District of North Carolina.

At Law. Action against James C. Peace, Simeon Tippett, and William J. Parker, upon a distillery warehouse bond. Judgment for defendants. 48 Fed. Rep. 714. Plaintiff brings error. Reversed.

C. A. Cook, U. S. Atty.

J. T. Strayhorn, for defendants in error.

Before BOND and GOFF, Circuit Judges, and HUGHES, District Judge.

HUGHES, District Judge. This is an action to recover the tax imposed by law upon certain spirits which was destroyed by fire in the distillery warehouse in which it was stored, while it was under bond executed in pursuance of section 3293 of the Revised Statutes and its amendments. The question in the case is whether suit will lie for the tax before the lapse of three years from the date of the entry of the spirits in the bonded warehouse; or, more particularly, whether the tax becomes due on the removal of the spirits, when that removal is the result of destruction by fire. The penal clause of the bond provides that the tax shall be paid "before the spirits shall be removed from such warehouse, and within three years from the date of the entry" of the spirits in the bonded warehouse. That date was the 11th of October, 1889, and the suit was brought on the 19th of October, 1891. The destruction by fire occurred in the interval between the two dates.

Assuming that destruction by fire is such a removal as the law requiring the bond contemplates, it can hardly be denied that the suit could be maintained. Under the express terms of the bond, two contingencies must coexist in order to stay the suit,—the spirits must not be removed, and the period of three years must not have elapsed since the deposit of the spirits in the distillery warehouse. If either event occurs, the suit may be maintained. If three years elapse then suit may be brought though the spirits remain; and, if the spirits be removed, then suit will lie, although a period of three years shall not have expired. This is plain, and the only question that can be raised is whether the accident of destruction by fire is such a removal of the spirits as was contemplated by the statute which required the bond to be given, and was therefore in the minds of the obligors and obligees of the bond.

It is contended in behalf of the defendants in error that the removal contemplated by the fourth section of the act of May 28, 1880, (see supplement to Rev. St. [2d Ed.] pp. 265, 266,) under which the bond in this case was given, is interpreted by those clauses of that act in which the term "withdraw" is used as synonymous with the term "remove," used in other clauses; that therefore the word "remove" in the bond means "withdraw;" and that, inasmuch as destruction by fire cannot be contended to be a withdrawal of the

spirits from the bonded warehouse, therefore the spirits cannot be held to have been removed by the fire. If this contention does not involve a non sequitur, it hardly changes the question under consideration; for it is not much more difficult to conceive that a combustible substance may be withdrawn from a place of deposit by fire than that it may be removed by fire. The real question is whether the disappearance of the spirits from the place of deposit was not the real contingency which the statute contemplated, and whether the fact of fire being the means or agent of disappearance was in the contemplation of congress in enacting the law.

The act of May, 1880, was an amendment of section 3293 of the Revised Statutes; and sections 3293 and 3221 of the revisal must be construed together as parts of the same statute. Congress was at pains in section 3221 to provide relief to the owners of spirits deposited in distillery warehouses and under bond for the payment of a tax on removal thence, in all cases of their destruction by fire. It provides that the secretary of the treasury, on satisfactory proof of destruction of spirits by accidental fire or other casualty without fraud, collusion, or negligence on the part of the owner, before the tax has been paid, may abate the tax in whole or in part, and may cancel the warehouse bond given by the owner. Such a provision would have been wholly useless if the removal contemplated in section 3293 did not embrace the accident or casualty of destruction by fire. It is a necessary implication from the fact of the insertion of section 3221 in the law which embraced section 3293 that destruction by fire was one of the modes of removal contemplated by congress in enacting the latter section. We think, therefore, that the court below erred in setting aside the verdict which was found by the jury in favor of the plaintiff at the trial, and in holding that destruction by fire of spirits deposited in a distillery warehouse was not such a removal as is contemplated by section 3293 of the Revised Statutes and the acts amending it. The judgment of the court below is therefore reversed, and the cause must be remanded for further proceedings in accordance with this decision.