STAPYLTON v. THAGGARD, Tax Collector.

(Circuit Court of Appeals, Fifth Circuit. December 20, 1898.)

No. 772.

1. TAXATION—PERSONAL PROPERTY OF NATIONAL BANKS.
A state cannot tax a bank chartered by congress, except upon its real property.

2. SAME—ASSESSMENT.
An assessment in a lump sum of all the personal property of a national bank to the bank itself cannot be regarded as one against the stockholders on their shares.

3. SAME—REQUIRING BANK TO PAY TAX AGAINST SHAREHOLDERS—INSOLVENCY.
A state statute requiring banks to pay the taxes assessed against their stockholders on their shares, and giving the bank a lien thereon for the amount advanced, is based on the theory that the bank holds assets of the stockholder from which it can protect itself; and such payment cannot

be enforced against the receiver of an insolvent national bank, nor against its assets in his hands.

Appeal from the Circuit Court of the United States for the Southern. District of Florida.

The appellant (complainant in the court below) filed his bill against E. P. Thaggard, tax collector for Marion county, Fla., and therein alleged: That the Merchants' National Bank of Ocala became insolvent, and complainant was appointed receiver thereof, and entered upon the discharge of his duties. That on January 1, 1896, one Joseph C. Matthews, as tax assessor in and for Marion county Fla., made an assessment on said Merchants' National Bank of Ocala in the words and figures as follows:

"(Valuable or other personal property, except animals. This includes the value of all household and kitchen furniture, books, watches, silverware, moneys in possession or at interest, or capital invested in trade, including notes and accounts, $50,000.00.)

| | |
|---|---|
| The aggregate value of personal property thus obtained by adding columns 10 and 11.............................. | $50,000 00 |
| Total amount of state taxes, 3¾ mills, 37½ cents on $100.00.. | 187 50 |
| Total amount of county taxes, 12 mills, or $1.25 on $100.00.... | 625 00" |

—That the assessment book containing the said assessment was turned over to the tax collector of Marion county to collect the same, and that E. P. Thaggard is the collector now in possession of said book, and makes claim from complainant for the said sums so assessed, to wit, $187.50 and $625. That said tax collector will levy upon and sell the personal property of said bank, being assets in the hands of complainant, to realize said sums as taxes. That said assessment is illegal, and should not be collected from complainant; that any collection of said taxes out of the personal property of said bank should be restrained and declared illegal and void. That a levy and sale of personal property in the hands of complainant under said assessment will work a hardship upon the trusts in complainant's hands, and cause irreparable damage to creditors of the bank. The bill prays that the assessment be declared illegal and void, and defendant be enjoined from collecting the same, and for general relief. Two demurrers are filed to the bill on the grounds of: (1) Want of equity. (2) It does not appear that complainant is entitled to the relief prayed. (3) That it appears from allegations of the bill that the assessment for taxes was lawfully made, and constituted a lien upon the property assessed prior to the failure of the bank. (4) That it does not appear from the allegations of the bill whether the assessment made for the year 1896 was based upon a return made by the bank as said bank was required to make under the law. The court sustained the demurrers and dismissed the bill on the ground that it appeared "that the assessment of taxes was properly made, and the amount constitutes a legal and valid lien upon the assets of the bank, which should be paid by the receiver." Complainant appealed, and filed the following specifications of error: (1) The court erred in rendering its final decree in this cause, wherein it sustained the demurrer and dismissed the bill of complaint. (2) That the court erred in holding the said Merchants' National Bank of Ocala liable for the tax assessed against it, as set up in the said bill of complaint.

F. P. Fleming and F. P. Fleming, Jr., for appellant.
R. A. Burford, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and PARLANGE, District Judge.

PARDEE, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The assessment complained of is, eo nomine, upon the bank assets and capital. It is well settled that a state cannot tax a bank chartered

by congress, except as to real property. McCulloch v. Maryland, 4 Wheat. 316; Osborn v. Bank, 9 Wheat. 738; Weston v. City Council of Charleston, 2 Pet. 449. Sections 5210, 5219, Rev. St. U. S., are as follows:

"Sec. 5210. The president and cashier of every national banking association shall cause to be kept at all times a full and correct list of the names and residences of all the shareholders in the association, and the number of shares held by each, in the office where its business is transacted. Such list shall be subject to the inspection of all the shareholders and creditors of the association, and the officers authorized to assess taxes under state authority, during business hours of each day in which business may be legally transacted. A copy of such list, on the first Monday of July of each year, verified by the oath of such president or cashier, shall be transmitted to the comptroller of the currency."

"Sec. 5219. Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the state within which the association is located; but the legislature of each state may determine and direct the manner and place of taxing all the shares of national banking associations located within the state, subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state, and that the shares of any national banking association owned by non-residents of any state shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either state, county, or municipal taxes, to the same extent, according to its value, as other real property is taxed."

The law of Florida provides as to the assessment of shares of a national bank as follows:

"All shares of the banking associations organized within the state, pursuant to the provisions of the acts of congress to procure a national currency, secured by a pledge of United States stocks, and to provide for the circulation and redemption thereof, held by any person or body corporate, shall be included in the valuation of the personal property of such person or body corporate, in the assessment of taxes in the town or city where such banking association is located and not elsewhere, whether the holder resides there or not; but not at a greater rate than is assessed on other moneyed capital in the hands of individuals; and for the purpose of securing the collection of taxes assessed upon said shares, each banking association shall pay the same as the agent of each of its share-holders and the said association may retain so much of any dividend belonging to any share-holder as shall be necessary to pay any taxes levied upon its shares." Sess. Laws Fla. 1895, p. 5, § 8.

Under these provisions it is difficult to construe the assessment complained of in this case as one upon the shares of the bank, and against the shareholders. Miller v. Bank, 46 Ohio St. 424, 21 N. E. 860; Bank v. Fisher, 45 Kan. 726, 26 Pac. 482; National Bank v. Mayor, etc., of Mobile, 62 Ala. 284; and Sumter Co. v. National Bank, Id. 464. If, however, this difficulty could be obviated, and the assessment complained of taken and held to be one against the shareholders of the bank, the case made by the bill, showing the insolvency of the bank and the appointment of a receiver, is one which releases the receiver and any assets in his hands from liability to pay the tax. See Rosenblatt v. Johnston, 104 U. S. 462. As we construe the cases, from First Nat. Bank v. Com., 9 Wall. 353, to First Nat. Bank v. Chehalis Co., 166 U. S. 440, 17 Sup. Ct. 629, the bank is made to pay the taxes assessed by the state against its shareholders, when the state statutes

lay such duty upon the bank, upon the theory that the shares are valuable, and that the bank has assets in its hands belonging to the shareholders from .which it can recoup. Where a bank is insolvent, and has passed into the hands of a receiver, the shares are generally worse than worthless; and the receiver has no assets belonging to the shareholders which can be applied to the payment of taxes assessed on shares. In such case, we are of opinion that the tax assessed against the shares of the bank cannot be collected from the receiver, or from assets in his hands. The case of City of Boston v. Beal, 51 Fed. 306, is directly in point; the Massachusetts statute being substantially the same as the statute of Florida, in providing that the shares of stock shall be assessed to the owner, and the tax paid by the bank. The decree of the circuit court sustaining the demurrers and dismissing the complainant's bill is reversed, and the cause is remanded, with instructions to overrule the demurrer, and thereafter proceed in accordance with the views expressed in this opinion, and as equity may require.