KNOXVILLE TRACTION CO. *v.* JOHN E. MCMILLAN, CLERK.

(*Knoxville.*    September Term, 1903.)

1. **CONSTITUTIONAL LAW. PRIVILEGE TAXES.** \Provision
   in statute making lessor liable for privilege tax imposed on
   lessee is unconstitutional.

   That provision in the statute (Acts 1903, ch. 257, pp. 600 and 601)
   making street car companies and railroad companies liable for
   the privilege tax imposed upon advertising companies conduct-
   ing the business of advertising in the cars and stations of such
   companies under lease or purchase of such advertising privi-
   leges is unconstitutional and void, as a deprivation of property
   without a hearing, judgment, the law of the land, or due pro-
   cess of law.

   Constitution of Tennessee cited and construed:    Art. 1, sec. 8.

   Constitution of the United States cited and construed:    Am. 14.

   Cases cited, distinguished, and approved:    Bank v. Common-
   wealth, 9 Wall., 353; Railroad v. Pennsylvania, 134 U. S., 239;
   Bank v. Chehalis Co., 166 U. S., 440; Stapylton v. Thaggard, 91
   Fed., 93-95, 33 C. C. A., 353.

2. **SAME. SAME.** Same.  Recovery of unlawful privilege taxes
   paid under protest, when.

   Where a street car company pays, under protest and to prevent
   a levy of a distress warrant upon its property, the privilege tax
   imposed upon its lessee as an advertising company, and files a
   bill to recover the same, it is entitled to recover such taxes
   so unlawfully required to be paid.

### FROM KNOX.

'Appeal from the Chancery Court of Knox County.— JOSEPH W. SNEED, Chancellor.

SHIELDS & MOUNTCASTLE, for Traction Co.

ATTORNEY-GENERAL CATES and REUBEN L. CATES, for McMillan.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This suit involves the constitutionality of the provision of chapter 257, p. 599, of the Acts of 1903, the general revenue law enacted by the present general assembly, making street and commercial railroad companies liable for the privilege tax imposed upon advertising companies conducting the business of advertising in the cars and stations of such companies.

The portions of the statute in question, and necessary to show the connection, are these:

"That each vocation, occupation, and business hereinafter named in this section is hereby declared to be a privilege; and the rate of taxation on such privilege shall be as hereinafter fixed, which privilege tax shall be paid to the county court clerk, as provided by law for the collection of revenue.

Knoxville Traction Co. v. McMillan.

All persons, companies, or corporations owning, controlling or conducting the business of advertising in street cars in counties of 60,000 inhabitants or over, each per annum.......... $100 00

All persons, companies, or corporations owning, controlling or conducting the business of advertising in dummy cars or railroad cars in counties of 50,000 inhabitants or over, each, per annum................ ... ..... .................... ....    50 00

All persons, companies, or corporations owning, controlling, or conducting the business of advertising in railroad depots in each county in which business is done, each, per annum.....  10 00

"Provided that the street car company or railroad company who lease or sell such advertising privileges shall be liable for the payment of the above privilege."

The complainant, a street railway company, owning and controlling a street railway in Knox county, leased the exclusive privilege of advertising in its cars to the Consolidated Railway Advertising Company for a term of years, for a fixed rental, to be paid at stated intervals; and the latter company has been, and is now, exercising this privilege, and liable for the tax.

The defendant, John E. McMillan, clerk of the county court of Knox county, demanded of complainant payment of the privilege tax due from the Consolidated Railway Advertising Company, and upon complainant's refusing payment, issued a distress warrant against complainant therefor, which was about to be levied upon its property, when it paid the tax under protest, and now brings this suit to recover the same; insisting that the provision of the statute making it liable for said tax deprives it of its property without due process of law,

and consequently contravenes article 1, section 8, of the constitution of Tennessee, providing that no man shall be taken or imprisoned or disseized of his freehold, liberties, or privileges, or outlawed or exiled, or in any manner destroyed, or deprived of his life, liberty, or property, but by the judgment of his peers or the law of the land, and also the fourteenth amendment of the constitution of the United States, which provides that no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the law, and is therefore void.

These contentions are sound and must be sustained.

The traction company and the advertising company are distinct and independent corporations, owing each other no duty or obligation, and having no interest in common. The former is engaged solely in operating a street railway, and the latter in the advertising business. The tax is imposed upon the business of advertising in street cars—a privilege exercised by the advertising company, and not by the traction company. It is not a liability of the traction company, but one of the advertising company. The only relation of the two companies is that the former is the creditor of the latter for the rent due it for the use of its cars for advertising purposes. The statute arbitrarily imposes upon the traction company liability for this debt of the advertising com-

Knoxville Traction Co. v. McMillan.

pany, and requires it to pay it with its own means. This is a deprivation of property without a hearing or due process of law, clearly within the prohibition of the constitutional provisions relied upon. This is too obvious for argument, and the property of one citizen can no more be taken to pay a tax or public debt due from another than the private debt of such other person.

The cases of *First National Bank* v. *Commonwealth,* 9 Wall., 353, 19 L. Ed., 701, *Bells Gap R. Co.* v. *Pennsylvania,* 134 U. S., 239, 10 Sup. Ct., 533, 33 L. Ed., 892, and *First National Bank* v. *Chehalis Co.,* 166 U. S., 440, 17 Sup. Ct., 629, 41 L. Ed., 1069, in which statutes requiring corporations to pay taxes due from bondholders and shareholders are held valid, are cited, and relied upon to sustain this statute. They are not in point. These statutes apply to corporations having assets of their bondholders and shareholders, in the way of interest and dividends, in their hands, which they can apply to the payment of the taxes, and it is upon this ground that they are sustained.

This is made clear in the case of *Stapylton* v. *Thaggard* (decided by the circuit court of appeals of the United States) 91 Fed., 93-95, 33 C. C. A., 353, where a recovery against the receiver of an insolvent bank on account of the taxes assessed against the shareholders was denied because the receiver did not have funds due them in his hands.

It is there said: "As we construe the cases from *First Nat. Bank* v. *Commonwealth,* 9 Wall., 353, 19 L. Ed.,

701, to *First Nat. Bank* v. *Chehalis Co.,* 166 U. S., 440, 17 Sup. Ct., 629, 41 L. Ed., 1069, the bank is made to pay the taxes assessed by the State against its shareholders, when the State statutes lay such duty upon the bank, upon the theory that the shares are valuable, and that the bank has assets in its hands belonging to the shareholders from which it can recoup. Where a bank is insolvent and has passed into the hands of a receiver, the shares are generally worse than worthless, and the receiver has no assets belonging to the shareholders which can be applied to the payment of taxes assessed on shares. In such case, we are of opinion that the tax assessed against the shares of the bank cannot be collected from the receiver, or from assets in his hands."

The complainant is not the debtor of the advertising company, and at no time, in due course of business, will have any of its assets in its hands or under its control, which it can apply to the payment of the tax imposed upon it. If required to pay this tax, it must do so out of its own property, without any provision for its reimbursement.

The provision of the statute requiring these companies to pay the tax imposed upon advertising companies is therefore clearly unconstitutional and void, and complainant is entitled to recover from the defendant the taxes which it has been unlawfully required to pay.

The decree of the chancellor dismissing complainant's bill will be reversed, and a decree here rendered in accordance with this opinion.