## CARSTAIRS v. COCHRAN.

ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

No. 122.  Argued January 13, 14, 1904.—Decided February 23, 1904.

That a statute does not conflict with the constitution of a State is settled by the decision of its highest court.

A State may tax private property having a *situs* within its territorial limits and may require the party in possession of the property to pay the taxes thereon.

Distilled spirits in bonded warehouses may be taxed and the warehouseman

required to pay the tax notwithstanding the Federal statute under which they are stored permits them to remain in bond for several years and there is no provision in the state law for the recovery of interest on the taxes paid thereunder, and negotiable receipts have been issued for the goods.

By Chap. 704 of the Laws of Maryland, 1892, as amended by chap. 320, Laws, 1900, the general assembly of that State provided for the assessment and collection of taxes on liquors in bonded warehouses within the State. The proprietors of such warehouses were required to pay the taxes and given a lien on the property therefor. This legislation was sustained by the Court of Appeals of the State, 95 Md. 488, to review whose judgment this writ of error was sued out.

*Mr. D. K. Este Fisher,* with whom *Mr. W. Cabell Bruce* was on the brief, for plaintiff in error :

As to the jurisdiction : The highest court of the State decided against plaintiff in error as to constitutionality of statute, *Chapman* v. *Goodnow,* 123 U. S. 548 ; the point was made in both courts that the act was not unconstitutional and it appears in the briefs. *N. Y. C. & H. R. R. Co.* v. *New York,* 186 U. S. 273.

It is not necessary that the Constitution of the United States should be expressly named or referred to in the record. It is sufficient if the record shows that a constitutional question was involved—that the plaintiff in error relied upon a right guaranteed by that instrument. *Wilson* v. *The Blackbird &c.,* 2 Peters, 250 ; *Satterlee* v. *Matthewson,* 2 Peters, 409 ; *Beer Co.* v. *Massachusetts,* 97 U. S. 29 ; *Furman* v. *Nichol,* 8 Wall. 56 ; *Crowell* v. *Randall,* 10 Peters, 166 ; *Tregea* v. *Modesto &c.,* 164 U. S. 185 ; *Craig* v. *Missouri,* 4 Pet. 410 ; *Bells Gap R. R. Co.* v. *Pennsylvania,* 134 U. S. 236 ; *Missouri Pacific Ry. Co.* v. *Nebraska,* 164 U. S. 417 ; *Lewis* v. *Emigrant &c.,* 1 Fed. Rep. 668.

Every system of law provides that every man shall be protected in the enjoyment of his property, and that it shall not be taken from him without just compensation. The earliest constitutions, in Magna Charta, guarantee that no freeman

shall be disseized of his freehold but " by the judgment of his peers or by the law of the land." 10 Am. & Eng. Ency. of Law (2d ed.), 290.

It is clearly not within the scope of the legislative power to give to a law the effect of taking from one man his property and giving it to another. *Thistle* v. *Frostberg Coal Co.,* 10 Maryland, 144; *Hartman* v. *Greenhow,* 102 U. S. 684; *Camp* v. *Rogers,* 44 Connecticut, 291.

The act of 1892, ch. 704, violates the fundamental principle of the right of persons to be secure in the possession and enjoyment of their property if the act is to be considered as applicable to spirits belonging to others in bonded warehouses of the distiller. The court took the contrary view in *Monticello Distilling Co.* v. *Baltimore,* 90 Maryland, 416, and *Kemp* v. *Fowble,* 92 Maryland, 8, because the act, though requiring the distiller or warehouseman to pay the taxes of other persons unknown to them, gives a lien upon the spirits for the payments so made.

The warehouseman, however, cannot enforce the lien because there is a certificate, the title paper of ownership of the spirits, in the hands of some one unknown, stating upon its face, over the signature of the warehouseman, that the spirits are in the warehouse, to be delivered to the bearer of it on presentation, as to which see §§ 1 and 6, art. 14, Code of Public Laws of Maryland.

The attempt to enforce the lien before the owner of the spirits produced the warehouse receipts would, therefore, necessitate a breach of faith and contract on the part of the warehouseman and subject him to a fine and imprisonment in the penitentiary, unless the act of 1892 could be considered as relieving the warehouseman from these penalties and authorizing him to ignore his warehouse receipts and to withdraw the spirits at any time to enforce the lien. But the act does not so provide. It could not authorize a breach of contract.

The lien also cannot be enforced because no spirits are permitted by the United States to leave the warehouse until the Government tax of $1.10 per gallon has been paid. So that even if he had the warehouse certificate he would be obliged

to pay an enormous tax to the Government in order to collect the smaller tax he pays the State and county or city. Art. 81, §§ 138, 141, Code of Public General Laws of Maryland.

There is a great difference between that case and this. The warehouseman has no funds of the owner of the spirits out of which he can pay the tax, but must pay it out of his own funds, whereas the stockholder is the owner of an undivided interest in all the corporate property and assets.

The corporation is also the creature of the State. *New Orleans* v. *Houston*, 119 U. S. 265, distinguished. In *Commonwealth* v. *Gaines*, 80 Kentucky, 489 ; and *Commonwealth* v. *Taylor*, 101 Kentucky, 327, the statutes were similar but the constitutional questions were not raised.

While the distiller might frame his contracts to meet the provisions of this act, a tax statute which imposes upon a contracting party the necessity of abandoning the usual mode of conducting his business and burdening his contracts with such stipulations cannot be within the constitutional powers of the legislature. It is an unreasonable interference with the freedom of contract. *People* v. *Budd*, 117 N. Y. 15 ; *Frisbie* v. *United States*, 157 U. S. 165.

*Mr. O. I. Yellott* and *Mr. D. G. McIntosh* for defendant in error :

As to jurisdiction : The record does not disclose a case in which a Federal question was involved at the trial in the state court. To sustain the writ the record must show that such question not only might have been, but actually was, raised and decided adversely to the plaintiffs in error. *Gray* v. *Coan*, 154 U. S. 589 ; *Kansas E. & B. Association* v. *Kansas*, 120 U. S. 103 ; *Sayward* v. *Denny*, 158 U. S. 180 ; *Green Bay Canal Co.* v. *Patten Paper Co.*, 172 U. S. 58 ; *Mallott* v. *North Carolina*, 181 U. S. 589 ; *England* v. *Gebhardt*, 112 U. S. 504 ; *Chapin* v. *Fye*, 179 U. S. 129 ; *Kipley* v. *Illinois*, 170 U. S. 182 ; *Miller* v. *Cornwall*, 168 U. S. 131 ; *Levy* v. *San Francisco &c.*, 167 U. S. 175 ; *Bolln* v. *Nebraska*, 176 U. S. 90.

It must also appear of record that the Federal question was specially, or specifically, set up, or claimed in the state court,

at the proper time and in the proper way. *Ex parte Spies*, 123 U. S. 131; *French* v. *Hopkins*, 124 U. S. 524; *Chappel* v. *Bradshaw*, 128 U. S. 132; *Chicago & N. W. R. R.* v. *Chicago*, 164 U. S. 454; *Clark* v. *McDade*, 165 U. S. 168; *Erie R. Co.* v. *Prudy*, 185 U. S. 148; *N. Y. C. & H. R. R. Co.* v. *New York*, 186 U. S. 269.

A Federal question cannot be raised for the first time, after final decision in the state court for the purpose of supporting a writ of error. *Scudder* v. *Coler*, 175 U. S. 32; *California National Bank* v. *Thomas*, 171 U. S. 441; *England* v. *Gebhardt*, 112 U. S. 504.

This court will not declare a state law void on account of its collision with a state constitution or bill of rights, it not being a case embraced in the Judiciary Act. *Medberry* v. *Ohio*, 24 Howard, 413; *Salamon* v. *Graham*, 15 Wallace, 208.

When the decree of a state court turns upon its construction of a state statute, and not upon its constitutionality, this court will not take jurisdiction. It is the peculiar province and privilege of the state court to construe statutes of its own State. *Commercial Bank* v. *Buckingham*, 5 Howard, 317; *Adam* v. *Preston*, 22 Howard, 473; *Lent* v. *Tilson*, 140 U. S. 316; *Striker* v. *Goodwin*, 123 U. S. 527; *Morley* v. *Lake Shore, etc.*, 146 U. S. 162.

A question of state law alone does not present a Federal question so as to give this court jurisdiction over a state judgment. *Hoyt* v. *Thompson*, 1 Black, 518; *Congdon* v. *Goodman*, 2 Black, 574; *Serial* v. *Haskell*, 14 Wallace, 12; *United States* v. *Thompson*, 93 U. S. 586; *Bell's Gap R. R. Co.* v. *Pennsylvania*, 134 U. S. 232, distinguished.

As to the merits: The highest court of the State has declared for the third time that the law itself did not infringe any constitutional right. *Monticello Co.* v. *Baltimore*, 90 Maryland, 416; *Fowble* v. *Kemp*, 92 Maryland, 630; *Carstairs* v. *Cochran*, 95 Maryland, 488.

A similar statute has been sustained in Kentucky. *Commonwealth* v. *Gains*, 80 Kentucky, 481.

If the contention of the plaintiff in error prevails and the Maryland statute be declared unconstitutional, the effect will

be to exempt from taxation a large amount of property which peculiarly invites and enjoys the protection of law. But protection implies taxation and the two are reciprocal.

Distilled spirits are goods and commodities and form a proper subject for taxation; and a State has the power to tax all property having a situs within its territorial limits. *Pullman Palace Car Co.* v. *Pennsylvania,* 141 U. S. 18; *Fichlen* v. *Shelby Co. Tax District,* 145 U. S. 1; *P. & S. C. Co.* v. *Bates,* 156 U. S. 577; *Myers & Housman* v. *Baltimore,* 83 Maryland, 385; *Hopkins* v. *Baker,* 78 Maryland, 363; *Howell* v. *State,* 3 Gill, 23.

Having the power, it becomes the duty of the State to impose taxes so that they bear equally upon all persons, and this can only be done by subjecting to taxation all property not legally exempt. Art. 15, Decl. of Rights, Const. of Maryland; and such is the rule, approved alike by economists and jurists. Adam Smith's Wealth of Nations, Bk. 5, ch. 2, pt. 2, page 65; Vattel, Law of Nations, Bk. 1, ch. 20, sec. 240; Cooley's Constitutional Limitations (6th ed.), ch. 14, page 607; *People* v. *New York City,* 76 N. Y. 64.

It is for the law-making power to determine all questions of discretion or policy in ordering and apportioning taxes, and to make all necessary rules and regulations, and decide upon the mode by which the taxes shall be collected. Cases *supra* and Story on Conflict of Laws, § 550. *Jennings* v. *Coal Ridge Imp. Co.,* 147 U. S. 147.

The construction given by the Maryland court in 90 Maryland, 416, 92 Maryland, 630, and 95 Maryland, 488, to the act of 1892, chapter 704, providing for the collection of taxes on distilled spirits, is in entire harmony with its previous rulings upon similar questions. *U. S. Electric Power & Light Co.* v. *State,* 79 Maryland, 63; *Casualty Ins. Co. Case,* 82 Maryland, 564; *Am. Coal Co.* v. *County Commissioners,* 59 Maryland, 194; *Nevada Bank* v. *Sedgwick,* 104 U. S. 111. The most recent decision in Maryland is the case of *Corry* v. *Baltimore,* 96 Maryland, 310. The views expressed by the court in that case were held to be in harmony with the following Federal decisions: *New Orleans* v. *Stempel,* 175 U. S. 309; *Savings &*

*Loan Society* v. *Multnomah County*, 169 U. S. 421; *McCulloch* v. *Maryland*, 4 Wheaton, 316; *Coe* v. *Errol*, 116 U. S. 517; *Pullman Car Co.* v. *Pennsylvania*, 141 U. S. 111; *Kirtland* v. *Hotchkiss*, 141 U. S. 591; *Bristol* v. *Washington Co.*, 177 U. S. 139.

MR. JUSTICE BREWER delivered the opinion of the court.

That the statutes in question do not conflict with the Constitution of Maryland is settled by the decision of its highest court. *Merchants' Bank* v. *Pennsylvania*, 167 U. S. 461, and cases cited; *Backus* v. *Fort Street Union Depot Co.*, 169 U. S. 557, 566; *Rasmussen* v. *Idaho*, 181 U. S. 198, 200.

A State has the undoubted power to tax private property having a situs within its territorial limits, and may require the party in possession of the property to pay the taxes thereon. " Unless restrained by provisions of the Federal Constitution, the power of the State as to the mode, form and extent of taxation is unlimited, where the subjects to which it applies are within her jurisdiction." *State Tax on Foreign-held Bonds*, 15 Wall. 300, 319. " Statutes sometimes provide that tangible personal property shall be assessed wherever in the State it may be, either to the owner himself or to the agent or other person having it in charge; and there is no doubt of the right to do this, whether the owner is resident in the State or not." 1 Cooley on Taxation, 3d ed., p. 653. See also *Coe* v. *Errol*, 116 U. S. 517; *Marye* v. *Baltimore & Ohio Railroad*, 127 U. S. 117, 123; *Pullman's Car Company* v. *Pennsylvania*, 141 U. S. 18; *Ficklin* v. *Shelby County*, 145 U. S. 1, 22; *Savings Society* v. *Multnomah County*, 169 U. S. 421, 427; *New Orleans* v. *Stempel*, 175 U. S. 309; *Board of Assessors* v. *Comptoir National*, 191 U. S. 388; *National Bank* v. *Commonwealth*, 9 Wall. 353; *Merchants' Bank* v. *Pennsylvania*, 167 U. S. 461.

That under Federal legislation distilled spirits may be left in a warehouse for several years, that there is no specific provision in the statutes in question giving to the proprietor who pays the taxes a right to recover interest thereon, and that for spirits so in bond negotiable warehouse receipts have been is-

sued, do not affect the question of the power of the State. The State is under no obligation to make its legislation conformable to the contracts which the proprietors of bonded warehouses may make with those who store spirits therein, but it is their business, if they wish further protection than the lien given by the statute, to make their contracts accordingly.

We see no error in the judgment of the Court of Appeals, and it is

*Affirmed.*