ANDERSON COUNTY v. KENTUCKY DISTILLERIES & WAREHOUSE CO.

(Circuit Court, E. D. Kentucky. February 28, 1906.)

TAXATION—STATUTE TAXING WHISKY IN WAREHOUSE—CONSTITUTIONALITY.

Under the statutes of Kentucky, as construed by the state Court of Appeals, the proprietor of a warehouse in which bonded whisky is stored. on the removal of such whisky, is liable for the annual taxes levied thereon, with interest on each year's tax from December 1st of the year following that in which the assessment was made. *Held*, that such statute is not in violation of the Constitution of the United States, nor is it material, on such question, whether or not the proprietor of the warehouse is also the owner of the whisky.

On Demurrer to Petition.

John W. Ray, for plaintiff.
Charles H. Stoll, for defendant.

COCHRAN, District Judge. The Court of Appeals of Kentucky, in the case of Commonwealth v. Rosenfield Bros. & Co., 80 S. W. 1178, held that, under the provisions of the Kentucky statutes in relation to taxation of whisky in bonded warehouses, the proprietor of the

warehouse is bound to pay, when the whisky is withdrawn therefrom, not only the annual taxes levied thereon whilst it was in the warehouse, but interest on each year's tax at 6 per cent. from the 1st of December of the year following that as of the 15th of September in which it was assessed, and that he was not relieved from so doing by the fact that the collector of taxes had accepted from him the taxes only upon the idea that that was all that he was bound to pay. This decision seems to me to be correct in both particulars. Even if I had a doubt as to its correctness, I think I should follow it.

The question as to whether the act was constitutional under the federal Constitution was not raised or considered in that case. The question as to such constitutionality of a substantially similar statute was considered in the case of Carstairs v. Cochran, 193 U. S. 10, 24 Sup. Ct. 318, 48 L. Ed. 596, and it was held that it was constitutional. An attempt is made to distinguish that case from this, in that there the distiller was made bound for the tax, whereas here the owner or proprietor of the warehouse is made liable for the tax. I do not understand that the distiller and the owner or proprietor of the warehouse are separate personages. The warehouseman and the distiller I understand to be the same personage. No point was made by the Supreme Court of the fact that the Maryland statute provided that the distiller should pay the tax. It treated it as if it had provided that the warehouseman should do so. Mr. Justice Brewer said:

"That under federal legislation distilled spirits may be left in a warehouse for several years, that there is no special provision in the statutes in question giving to the proprietor who pays the taxes a right to recover interest thereon, and that for spirits so in bond negotiable warehouse receipts have been issued, do not affect the question of the power of the state. The state is under no obligation to make its legislation conformable to the contracts which the proprietors of bonded warehouses may make with those who store spirits therein; but it is their business, if they wish further protection than the lien given by the statute, to make their contracts accordingly."

The petition herein alleges that defendant was the owner or proprietor of the warehouse in question herein. On demurrer that allegation must be accepted as true. Even if the statements made in the reports as to the warehouses being occupied by Ripy should be construed to mean that Ripy, and not defendant, was the owner or proprietor of the warehouses, plaintiff has a right to show that it is not true.

The demurrer to the petition is overruled.