Case 37.—ACTION BY THE COMMONWEALTH AGAINST
JOHN B. THOMPSON TO RECOVER TAXES ON WHIS-
KEY IN BONDED WAREHOUSE.—June 15.

## Thompson v. Commonwealth.

Appeal from Franklin Circuit Court.-

ROBERT L. STOUT, Circuit Judge.

Judgment for Plaintiff.   Defendant appeals.   Af-
firmed.

1. Taxation—Personal Property—Whiskey in Government Ware-
   houses.—Whiskey Contained in government warehouses,
   before payment of taxes thereon due to the United States, is
   property subject to taxation in common with other property
   in the State.
2. Constitutional Law—Distraint for Taxes—Taking Property
   Without Due Process of Law.—The assessment of property
   for taxation, and its subsequent distraint for taxes in arrears,
   is not a taking of property without due process of law, where
   the owner or person charged with payment of the taxes has
   notice of the assessment and the amount due.
3. Same—Taxes on Distilled Spirits in Bonded Warehouses—The
   statutes of the State imposing a tax on distilled spirits in
   bonded warehouses do not violate Const. U. S., particularly
   the fourteenth amendment thereof, as taking property with-
   out due process of law, or denying the owner of such spirits
   and the warehouseman, the equal protection of the law.

JOHN B. THOMPSON for appellant.

(No brief in the record.)

JOHN W. RAY for appellee.

### POINTS AND AUTHORITIES.

1. Whiskeys in bonded warehouses are subject to taxation.
(Com. v. Rosenfield Bros. 25 Rep. 2229; Com. v. J. R. Walker,
25 Rep. 2122; Com. v. Taylor, 101 Ky., 327; Com. v. W. A.
Gains & Co., 80 Ky., 489; Carstairs v. Cochran, 193 U. S. 10.)
2. Property in the hands of a receiver is taxable. (Spalding v.
Com., 88 Ky., 135; Ex parte Tyler 149, U. S. 187.)

3. Property in the hands of an assignee in bankruptcy is taxable. (United States v. Herron, 20 Wall, 251; In Re Sims 118 Fed. 357.)

4. Whiskeys in bonded warehouses are not exempted from taxation by section 170 of the Constitution, nor could they be so exempted.

## OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

The sole question presented on this appeal is whether the statutes of this State imposing a tax on distilled spirits in bonded warehouses violate the federal Constitution, and particularly the Fourteenth Amendment thereof. The question as to whether the statutes are valid under the Constitution of this State has been thoroughly considered by this court in numerous cases, and in every instance decided in favor of their constitutionality. See Commonwealth v. E. H. Taylor, Jr. Co., 101 Ky. 325. 19 Ky. L. R. 552; 41 S. W. 11; Commonwealth v. Walker, 80 S. W. 185, 25 Ky. Law Rep. 2122; Commonwealth v. Rosenfield Bros. 118 Ky. 374; 80 S. W. 1178, 25 Ky. Law Rep. 2229. It is not necessary to restate the propositions disposed of by these opinions. Appellant in his brief filed on this appeal says: ''It is not necessary on this appeal that the court shall either overrule, modify, or change in any manner its opinion rendered in the case of the Commonwealth against Rosenfield. In accordance with the previous opinion of the court in the case of Commonwealth v. E. H. Taylor, Jr., supra, it was held in the Rosenfield Case that the law which imposed the tax and interest—the matter in controversy in this action—is not in conflict with the Constitution of the State of Kentucky. It has never been held that this law is not in conflict with the Constitution and laws of the United States, and this is the question we now present.''

It is the contention of appellant that whisky contained in the government warehouses before the pay-

ment of the taxes thereon due the United States government, is not property within the jurisdiction of the State; that it is in the hands of the federal government and its officers, not subject to the control or dominion of the warehouseman, and that if he is compelled to pay this tax, he is denied the equal protection of the law, his property is taken without due process of law, and for public purposes without just compensation. Taxes levied by the State are imposed upon property and against the owner of the property primarily. It is not argued, and cannot be supposed, that the federal government owns the whisky in question. It does not. Nor is it the bailee of the whisky. It has a superior lien upon it to secure the payment of the internal revenue tax due to the United States government. But further than that the federal government does not claim an interest in or a lien upon the whisky. Consequently, the title to it is in the owner of it, whoever he may be, subject to the lien of the federal government for its taxes. It is undoubtedly property; it is situated within the State; it receives the benefit of protection from the State laws; it ought to pay, and by the express provision of the Constitution it, in common with all other property in the State is required to pay taxes, to be made to bear its equal share of the public burden. The imposition of a tax upon property is not taking the property. The assessment of it and its subsequent distraint for taxes in arrears is not a taking of property without due process of law, if the owner or person charged with the payment of the taxes has had (as he confessedly has had in the case at bar) notice of the assessment and the amount due, with an opportunity to be heard on the assessment before it becomes final. We are unable to see where, in being compelled to pay taxes upon his property the owner of distilled spirits or the warehouseman is denied the equal protection of the law. As a matter of fact, everybody else in the

State owning property in the State, and all other property in the State, is required to pay taxes at the same rate that distillers and warehousemen are. No discrimination whatever is to be found in the tax statutes of this State against distillers or warehousemen of distilled spirits in favor of any other taxpayer, or class of taxpayers.

Great stress is laid in the argument upon the fact that there is an attempt on the part of the State to impose and collect a tax upon property in custody of the federal government; that this would lead to a conflict of jurisdictions, and, as such, is an interference with the sovereignty of the federal government. In the first place, there is no such conflict, for the State does not propose to collect the taxes so long as the spirits are in the custody or under the lien of the federal government. In the next place, if there was such conflict it would be a question between the State and the federal government and not one that the taxpayer could take advantage of. In Carstairs v. Cochran, 193 U. S. 10, 24 Sup. Ct. 318, 48 L. Ed. 596, the question of the power of the State to impose a tax upon distilled spirits in bond, but to be collected after the government lien was satisfied, was before the Supreme Court. In the course of the opinion of the court, delivered by Justice Brewer, it was said: "Under federal legislation distilled spirits may be left in a warehouse for several years, and that there is no specific provision in the statutes in question giving to the proprietor who pays the taxes a right to recover interest thereon, and that for spirits so in bond negotiable warehouse receipts have been issued, do not affect the question of the power of the State. The State is under no obligation to make its legislation conformable to the contracts which proprietors of bonded warehouses may make with those who store spirits therein, but it is their business, if they wish further protection than the lien given by the statute

to make their contracts accordingly.'' This question was recently before the United States Circuit Court for the Eastern District of Kentucky. It came up in the case of Anderson County v. Kentucky Distillers & Warehouse Company, 144 Fed. — That court. by Judge Cochran, District Judge, in an opinion filed February 28, 1906, held that the State taxes were collectible from the warehousemen according to the terms of our statutes.

Such was the ruling of the circuit court in the case at bar, and the judgment is affirmed, with damages.