## ROSENBLATT *v.* JOHNSTON.

The personal property of an insolvent national bank in the hands of a receiver appointed pursuant to sect. 5234 of the Revised Statutes is exempt from taxation under State laws.

APPEAL from the Circuit Court of the United States for the Eastern District of Missouri.

This is a bill in equity, filed Sept. 30, 1880, by Rosenblatt, collector of the city of St. Louis, against Johnston, receiver of the National Bank of the State of Missouri.

The bank was duly incorporated pursuant to the act of Congress of June 3, 1864, c. 106 (13 Stat. p. 99), and the acts amendatory thereof, and had its situs in that city. It suspended payment June 9, 1877. Shortly thereafter Johnston was, by the Comptroller of the Currency, appointed such receiver. He then took possession of its assets, and disposed of them in the

settlement of its liabilities. The bill avers that while in his hands the assets were subject to taxation under the laws of that State for the support of the State government, the government of the city, and the public schools, in like manner and to the same extent and effect as all other taxable personal property in the city during the same period; that the assessment of taxes for the years 1877 and 1878 was duly made; that the fund in his hands is sufficient to pay them; and that the shares of the bank since his appointment have been absolutely worthless. It prays for an order upon him to pay the taxes out of that fund, and for general relief.

The court sustained a demurrer to the bill, and Rosenblatt appealed.

*Mr. Leverett Bell* for the appellant.

*Mr. J. M. Krum* and *Mr. C. H. Krum* for the appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The single question in this case is, whether the personal assets and personal property of an insolvent national bank in the hands of a receiver appointed by the Comptroller of the Currency, in accordance with the provision of sect. 5234 of the Revised Statutes, are exempt from taxation under State laws, and we have no hesitation in saying that in our opinion they are. Such property and assets, in legal contemplation, still belong to the bank, though in the hands of a receiver, to be administered under the law. The bank did not cease to exist on the appointment of the receiver. Its corporate capacity continues until its affairs are finally wound up and its assets distributed. *Bank of Bethel* v. *Pahquioque Bank*, 14 Wall. 383; *Kennedy* v. *Gibson*, 8 id. 498; *Bank* v. *Kennedy*, 17 id. 19. If the shares have any value, they are taxable in the hands of the holders or owners, under sect. 5219 of the Revised Statutes; but the property held by the receiver is exempt to the same extent it was before his appointment.

*Decree affirmed.*