THE CORN EXCHANGE BANK (of CHICAGO), APPELLANT, *v.* ALPHONSO W. BLYE, as RECEIVER, ETC., RESPONDENT.

*Requisition in an action to recover personal property — when it may issue in an action against the receiver of a national bank — U. S. Revised Statutes, sec.* 5242.

In this action of replevin, brought against the receiver of a national bank, to recover bonds and certificates claimed to belong to the plaintiff, a requisition issued by the plaintiff to the sheriff directing him to take possession thereof was set aside upon the application of the defendant, upon the ground that its issue was prohibited by section 5242 of the United States Revised Statutes.

*Held,* that the prohibition contained in that section against the issue of any " attachment, injunction or execution " against such an " association or its property before final judgment, in any suit, action or proceeding, in any State, county or municipal court," did not apply to such a requisition as was issued in this case; that it was only intended to prevent interference with the assets or property owned by the bank itself, and not with such as might legally be claimed or proved to be the property of others.

APPEAL from an order setting aside a requisition issued by the plaintiff to the sheriff of Orange county, directing him to take into his possession certain bonds and certificates, claimed by the plaintiff, in an action for the recovery of their possession.

*L. A. Gould,* for the appellant.

*Elihu Root,* for the respondent.

DANIELS, J. :

The action was brought against the defendant as receiver of the Middletown National Bank, which had been organized and existed

under the act of congress for the incorporation of national banks. The plaintiff claimed to be the owner of the bonds and certificates in controversy, and the object of the action was to recover their possession on the strength of that title.    The plaintiff's title to the bonds and certificates was denied by the defendant, and an application was made in his behalf to set aside the requisition issued to the sheriff for the taking and delivery of these securities.    The application was made under the authority of section 5242 of the United States Revised Statutes, and as the requisition was deemed to be prohibited by that section, the order from which the appeal has been taken was entered setting it aside.    But this section of the statute, which provides that, "all transfers of the notes, bonds, bills of exchange, or other evidences of debt, owing to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real estate, or of judgments or decrees in its favor; all deposits of money, bullion or other valuable thing for its use, or for the use of any of its shareholders or creditors, and all payments of money to either, made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by this chapter, or with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void, and no attachment, injunction or execution shall be issued against such association or its property before final judgment in any suit, action or proceeding, in any State, county or municipal court," was not enacted so broadly as to include a requisition or proceeding of this character.    Its object was to prevent the assets of an insolvent national bank from being appropriated or interfered with by a creditor of the bank before the recovery of a final judgment in his action, and it has been so construed when it has been brought before the courts for consideration.    (*Robinson* v. *Bank of Newberne,* 81 N. Y., 385; *Raynor* v. *Pacific Bank,* 93 id., 371; *Rosenblatt* v. *Johnston,* 104 U. S., 462.)

An action brought to recover the possession of property alleged not to be the property of the bank, and therefore not subjected to the custody or administration of its receiver, is not included within the object or the language of this enactment.    What it was designed to prevent was interference with the assets or property owned by

the bank itself, and not those which might legally be claimed or proven to be the property of others. Its inhibition is that "no attachment, injunction or execution, shall be issued against such association or its property before final judgment in any suit, action or proceeding in any State, county or municipal court." The requisition of the plaintiff was in no sense an attachment, injunction or execution; neither was it issued against the property of the association, but for the recovery of the possession of property claimed to belong to the plaintiff. This section of the statute has not prohibited a legal contest of this description; neither has it subjected the party asserting a right of this nature, to any legal disability or restriction in the prosecution of the action. And it in no event can have the effect of depriving the receiver of any of the assets or property owned by the bank or secure a preference to any creditor therein. All that can be accomplished by it is to secure the recovery of the possession of the property by the plaintiff, if it shall prove to be able to support its claim of title made to it. If that cannot be done or title shall be shown to be in the defendant as receiver, then the property will necessarily be returned to him. The litigation must be wholly and exclusively devoted to the investigation of the question of title, and an action for such an investigation has in no manner been affected by this section of the statute, it is outside of the restraints contained in the statute, and has in no way been prohibited. The order from which the appeal has been taken should be reversed, with costs to abide the event, and an order made denying the defendant's motion.

BRADY, J., concurred.

DAVIS, P. J. :

The defendant, as receiver, took title to all the property of the bank, but he took no title to property in which the bank had none. The bonds in question it is alleged were not the property of the bank. The bank had no right whatever to detain them against the lawful demand of plaintiff. The receiver could acquire no interest or right in them higher than that of the bank, and the mere fact that the bonds happened to be in the possession of the bank at the time the receiver was appointed could give the latter no greater right or interest than the bank itself had. Any other rule would subject

every special deposit for mere safe keeping of securities wholly belonging to the depositor, to the claim of a receiver to keep the same from the true owner until the final settlement of the affairs of the bank; and thus enable him to do great injury and injustice to third persons, who, as often is the case in the country, have placed securities or valuables in the vault of a bank for safe keeping.

I concur that the order be reversed.

Order reversed and motion denied, with ten dollars costs and disbursements to abide event.