## CITY AND COUNTY OF SAN FRANCISCO v. CROCKER-WOOLWORTH NAT. BANK OF SAN FRANCISCO.

(Circuit Court, N. D. California. February 25, 1899.)

### No. 12,522.

TAXATION OF NATIONAL BANKS—POWERS OF STATE.
   The personal property of a national bank cannot be directly assessed for taxation by state authorities.

This is an action to recover taxes assessed against a national bank. Heard on demurrer to complaint.

Alfred Fuhrman, for plaintiff.
Lloyd & Wood, for defendant.

DE HAVEN, District Judge. The defendant is a national banking association, organized and existing under and by virtue of the laws of the United States, and having its principal place of business at the city and county of San Francisco, state of California. The action is brought to recover the sum of $7,754.64 and interest thereon, alleged to be due from the defendant for state, city, and county taxes on personal property, consisting of fixtures and money belonging to and assessed to it under the laws of the state for the purposes of taxation for the year 1896. The defendant has demurred to the complaint, and the single question arising thereon is whether personal property belonging to a national bank is subject to taxation by the state.

Congress, in the exercise of its undoubted power, has, in section 5219, Rev. St. U. S., declared what property of national banks may be thus taxed. It is therein provided that real property of national banks shall be subject to state, county, and municipal taxes, "to the same extent, according to its value, as other real property is taxed," and that the shares in any such association shall be assessed as other personal property, to the owner or holder of such shares. The effect of this statute is to exempt personal property belonging to national banks from direct assessment and taxation by the state; that is, the personal property of such banks cannot be directly assessed to them by the state for purposes of taxation. That this is so is so well settled as not to require discussion at this time. Rosenblatt v. Johnston, 104 U. S. 462; People v. Weaver, 100 U. S. 539–543; Covington City Nat. Bank v. City of Covington, 21 Fed. 484; People v. National Bank of D. O. Mills & Co. (Sup. Ct. Cal., Dec. 19, 1898) 55 Pac. 685. The demurrer will be sustained, and judgment thereupon entered in favor of the defendant, the defendant to recover costs.