[S. F. No. 1337.  In Bank.—July 2, 1900.]

## FIRST NATIONAL BANK OF SAN FRANCISCO, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

TAXATION — NATIONAL BANKS — LIMITATION OF POWER OF STATE.—The right of the state to exercise its power of taxation over the property of national banks is limited and defined by section 5219 of the Revised Statutes of the United States; and the state can exercise no power of taxation not therein expressly permitted.

ID.—VOID ASSESSMENT OF PERSONAL ASSETS—RECOVERY OF TAXES PAID UNDER PROTEST.—An assessment of the personal assets of a national bank by the state is not permitted and is void; and taxes collected under such void assessment, and paid under protest, may be recovered back.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Lloyd & Wood, for Appellant.

Franklin K. Lane, City and County Attorney, and W. I. Brobeck, Assistant, for Respondent.

HARRISON, J.—The plaintiff is a national banking association, organized and existing under and by virtue of the laws of the United States, and having its principal place of business at the city and county of San Francisco.  It brought the present action to recover from the defendant the sum of eight thousand two hundred and ninety dollars, paid by it under protest for taxes assessed and levied upon certain personal property owned by it on the first Monday of March, 1896, consisting of fixtures valued at three thousand six hundred dollars, and money on hand amounting to the sum of five hundred and eighty-nine thousand three hundred and thirty-three dollars. Upon the trial of the cause the court made findings of fact upon the issues before it, and rendered judgment in favor of the defendant.  The plaintiff has appealed, bringing the cause here upon the judgment-roll alone.

The right of the state to exercise its power of taxation over the property of a national bank is limited and defined in section 5219 of the Revised Statutes of the United States. Under the provisions of that section the real property of the bank may be taxed "to the same extent, according to its value, as other real property is taxed," and the shares in the association may be assessed as other personal property, to the owners or holders thereof, and taxed in such manner as the legislature may determine and direct, subject to two restrictions not necessary to mention herein. As the authority of the state to tax the property of the association is derived under this section, it can exercise this power only to the extent and in the mode prescribed by the section. In *People v. National Bank etc.*, 123 Cal. 53,[1] it was held that the tax permitted by this section is the only tax which can be levied upon the property of the bank; that the provision for assessing the shares of the association to the owners or holders thereof is the only authority given to the state under which it may tax the personal assets of the bank, and that an assessment to the bank of its personal assets is void. The same ruling was afterward made in the circuit court of the United States for this district, in *San Francisco v. Crocker-Woolworth Bank*, 92 Fed. Rep. 273, and also by the supreme court of the United States in *Owensboro Nat. Bank v. Owensboro*, 173 U. S. 664. In the case last cited the court, after declaring that, were it not for the permissive legislation of Congress, a state would be wholly without power to levy any tax, either direct or indirect, upon the national banks, their property, assets, or franchises, quoted the above section 5219 at length, and said: "This section of the Revised Statutes is the measure of the power of a state to tax national banks, their property or their franchises. By its unambiguous provisions the power is confined to a taxation of the shares of stock in the names of the shareholders, and to an assessment of the real estate of the bank. Any state tax, therefore, which is in excess of and not in conformity to these requirements, is void."

The failure of the state to enact a law directing the manner or place of taxing the shares of the association does not justify

[1] 69 Am. St. Rep. 32.

its officers in levying or collecting a tax for which there is no authority in law, even though it appear that the holder of the shares has thereby contributed no more to the expense of the government than he would have done under legal authority therefor. In *Owensboro Nat. Bank v. Owensboro, supra,* the court held that the contention herein urged, that a tax against the bank upon its personal assets was equivalent to a tax upon its shares, was untenable.

The judgment of the superior court is reversed, and that court is directed to enter judgment in favor of the plaintiff for the amount prayed for in its complaint.

Temple, J., McFarland, J., Van Dyke, J., and Henshaw, J., concurred.