## CLEVELAND TRUST COMPANY *v.* LANDER.

ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 88.    Argued January 10, 1902.—Decided February 24, 1902.

What the constitution of the State of Ohio requires or what the statutes of that State require as to taxation, must be left in this case to be decided by the Supreme Court of the State, and its decision is not open to review or objection here.

The manner of taxation in this case being legal under the statutes of the United States, its effect cannot be complained of in Federal tribunals.

THIS is a writ of error, to review the judgment of the Supreme Court of the State of Ohio, which sustained the ruling of the Court of Common Pleas of Cuyahoga County, dismissing upon the demurrer of the defendant in error the petition of the plaintiff in error praying for an order and decree restraining the collection of taxes levied upon the shares of the stockholders of plaintiff in error.    62 Ohio, 266.

The plaintiff (plaintiff in error was plaintiff in the court below) is a banking corporation with a capital stock of $500,000, divided into 5000 shares of $100 each, all of which are paid up, and for which certificates are outstanding and owned by a large number of persons, most of whom reside in Ohio.

The plaintiff made in due time return of its resources and liabilities, in accordance with section 2765 of the Revised Statutes of Ohio, to the auditor of the county, together with a full statement of the names and residences of the stockholders of the company, and with the number of shares held by each and the par value thereof, as required by the statute.    The return included its real estate and one hundred and seventy-four bonds

of the United States of the denomination of $1000 each, "then and for a long time prior thereto owned by the plaintiff and in which the plaintiff had invested its capital stock." The plaintiff valued these bonds at the sum of $213,274.81, and in its return deducted that sum from the $500,000 par value of paid-in capital stock included among the liabilities of the plaintiff, leaving a balance of $286,725.19.

The county auditor refused to allow the deduction of the government bonds, and fixed the value of the shares of the capital stock at $338,700, exclusive of the assessed value of the real estate. No notice of this action was given plaintiff or its stockholders, nor did plaintiff or its stockholders know until the 11th of November, 1898, that said bonds had been included in fixing the valuation of the shares of the bank.

It is alleged in the petition that it is the custom of banks and banking institutions throughout the State of Ohio to deduct the value of government bonds from the paid-in capital stock returned, "although not so apparent upon the face of their returns to the several county auditors; that said bonds were by the banks and banking associations of this State so deducted in the return for 1897; that similar deductions of the United States government bonds are likewise made by unincorporated banks in the State of Ohio under and by virtue of the Revised Statutes of the State of Ohio, sec. 2759; that the auditor of Cuyahoga County and the county auditors elsewhere throughout the State, as this plaintiff is informed and believes, did not include United States government bonds so owned in fixing the total value for 1898 of the shares of the several incorporated banks of Ohio, as directed by section 2766 of the Revised Statutes of Ohio."

The county auditor entered the valuation of the property of plaintiff, including said government bonds, upon the tax duplicate of the county, and assessed taxes against the same at the rate of .02955 cents on each dollar's valuation of the shares, making an excess of taxation of $4283.71, and that that sum stands against said shareholders upon the tax duplicate in the hands of the defendant, "together with the remaining amount of taxes lawfully assessed against them upon the valuation so fixed by the county auditor."

The plaintiff tendered the sum which it regarded as legally due, and alleged the grounds upon which it claimed equitable relief.

The error in the judgment of the Supreme Court of the State is assigned as follows :

"First. The court erred in affirming the judgment of the circuit court in sustaining the judgment of the Court of Common Pleas on the demurrer of the defendant to the petition of the plaintiff.

"Second. The court erred in holding and deciding that the Cleveland Trust Company was not entitled, in making its statement to the auditor of Cuyahoga County, Ohio, under section 2765 of the Revised Statutes of Ohio, to deduct, for the purpose of taxation, from its capital and surplus, the amount of the United States government bonds owned by it under and by virtue of section 3701 of the Revised Statutes of the United States, as claimed in the original petition of the plaintiff."

*Mr. James Rudolph Garfield* for plaintiff in error. *Mr. Harry A. Garfield* and *Mr. Frederic C. Howe* were on his brief.

*Mr. P. H. Kaiser* for defendant in error. *Mr. O. L. Neff* was on his brief.

Mr. Justice McKenna, after stating the case, delivered the opinion of the court.

The argument of the plaintiff in error claims a greater immunity from taxation for the shares of the Trust Company than section 5219 of the Revised Statutes of the United States gives to shares in national banks. That section permits the States to assess and tax the shares of shareholders in national banks, with the limitations only "that the taxation shall not be at any greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State ; " and that the shares of non-residents "shall be taxed in the city or town where the bank is located, and not elsewhere." The prayer of the petition

is also opposed by decisions of this court. In *Van Allen* v. *The Assessors*, 3 Wall. 573, the provision contained in section 5219 —then a part of the act of Congress of June 3, 1864—came up for consideration. There was a dispute as to the meaning of the statute, and its validity was also assailed. The court asserted a distinction between the property of the bank and corporation as such, and the property of the shareholders as such, and held that the tax authorized by the statute was a tax on the shares, the property of the shareholder, not a tax on the capital of a bank, the property of the corporation. The validity of the statute was sustained, and interpreting it the court said that it authorized the taxation of such shares, and shares were defined to be the whole interest of the holder without diminution on account of the kind of property which constituted the capital stock of the bank. Of the provisions of the act expressing this purpose and the right of the State to tax the court said nothing " could be made plainer or more direct and comprehensive." The case was subsequently affirmed. 4 Wall. 244; 4 Wall. 259; 121 U. S. 138.

The plaintiff concedes the distinction between the property of the corporation represented by its capital stock and the property of the shareholders represented by their shares, and bases an argument upon that distinction, and yet excludes from consideration, as immaterial to the questions at issue, the laws of Congress governing the taxation of the shares. The reasoning advanced is that under the laws and constitution of the State of Ohio the property of the trust company " must be and is subject to taxation ; " and " that the sections of the statutes of the State of Ohio which provide the method for determining this tax value, so far as they apply to such trust company, simply prescribe a convenient method for arriving at the true value in money of the property of the corporation." And the deduction is made " that, in determining the value of such property for taxation, the trust company is entitled to deduct from its capital and surplus the value of the United States government bonds then owned by it." In other words, the contention is that the tax on the shares being equivalent to a tax on the property of the trust company, there must be deducted from

the value of the shares that portion of the capital of the company invested in the United States bonds.

The answer to the contention is obvious and may be brief. The contention destroys the separate individuality recognized, as we have seen, by this court, of the trust company and its shareholders, and seeks to nullify one provision of the Revised Statutes of the United States (section 5219) by another (section 3701), between which there is no want of harmony. And what the constitution of the State of Ohio requires, or what the statutes of the State require as to taxation, must be left to be decided by the Supreme Court of the State, and whether that court has decided, logically or illogically, that a tax authorized by the laws of the United States on the shares of the company satisfies the constitution of the State as a tax on the corporation, is not open to our review or objection. The manner of taxation being legal under the statutes of the United States, its effect cannot be complained of in the Federal tribunals. We do not mean to be understood as implying that the plaintiff's view of the constitution of the State, or of the laws of the State, is correct. The inquiry is not necessary. Accepting such view as correct, plaintiff shows no right, under the Constitution or laws of the United States, which has been violated.

*Judgment affirmed.*

MR. JUSTICE HARLAN did not hear the argument and took no part in the decision.