FIRST NAT. BANK OF CINCINNATI, OHIO, v. DURR, County Auditor, et al.

(District Court, S. D. Ohio, W. D. October 16, 1917.)

No. 86.

1. EQUITY ☞363—PRACTICE—MOTION TO DISMISS.
   A motion to dismiss a bill operates as a demurrer, admitting the averments therein.

2. TAXATION ☞11—NATIONAL BANKS—"CAPITAL STOCK."
   Rev. St. § 5219 (Act June 3, 1864, c. 106, § 41, 13 Stat. 111, as amended by Act Feb. 10, 1868, c. 7, 15 Stat. 34 [Comp. St. 1916, § 9784]), empowers states to tax shares of stock of national banks by including them in the valuation of the personal property of the owners, subject to the restriction that shares owned by nonresidents shall be fixed in the city or town where the bank is located. Act Dec. 23, 1913, c. 6, 38 Stat. 251, providing for Federal Reserve Banks, by section 2 (Comp. St. 1916, § 9786), requires national banks to accept its provisions under penalty of forfeiture of franchise, and provides the percentage of subscriptions to the stock of Federal Reserve Banks, while section 7 (section 9791) declares that Federal Reserve Banks, including the capital stock and surplus therein, shall be exempt from taxation. Held that, as the "capital stock" of a corporation differs from the shares of stock and is the property or funds contributed by stockholders as a basis for the business, section 5219 was not modified by Act Dec. 23, 1913, and taxes assessed against an Ohio Na-

tional bank under Gen. Code, Ohio, §§ 5408, 5410, 5411, 5412, 5672, on account of the bank's ownership of shares of stock in a Federal Reserve Bank, are collectible, and no exemption can be allowed because the capital stock of the Reserve Bank is exempt.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Capital Stock.]

In Equity. Bill by the First National Bank of Cincinnati, Ohio, against Peter W. Durr, Auditor of Hamilton County, Ohio, and another. On motion to dismiss. Motion sustained.

Healy, Ferris & McAvoy and Frank J. Dorger, all of Cincinnati, Ohio, for plaintiff.

John V. Campbell, Pros. Atty., and Smith Hickenlooper, Henry G. Hauck, and Louis H. Capelle, Asst. Pros. Attys., all of Cincinnati, Ohio, for defendants.

SATER, District Judge. [1] The motion to dismiss the bill operates as a demurrer. It admits that, after the plaintiff's cashier had made the return for taxation purposes of plaintiff's resources and liabilities, with a statement of the names and residences of its stockholders, the number of shares held by each and the par value of each share, the defendant auditor delivered to his codefendant as county treasurer the tax duplicate authorizing him to collect, as in the Ohio statutes provided, the taxes charged against the owners of the shares of stock in the plaintiff bank, which taxes so charged include the sum of $3,339.36, assessed for the state, county, and municipal purposes claimed to be due on account of the plaintiff's ownership of 4,320 shares of stock held and owned by it in the Federal Reserve Bank of the district within which Cincinnati is located.

[2] The plaintiff claims that the provisions of section 5219, R. S. U. S. (Act June 3, 1864, c. 106, § 41, 13 Stat. 111, as amended February 10, 1868 [15 Stat. 34, c. 7]), are so far repealed by section 26 of the Federal Reserve Act (Act Dec. 23, 1913, c. 6, 38 Stat. 25 [Comp. St. 1916, § 9803]), that the shareholders in the plaintiff bank are exempt from taxation by virtue of section 7 of the last-named act (Comp. St. 1916, § 9791) on so much of its capital and surplus as is invested in stock of the Federal Reserve Bank. A temporary injunction issued when the bill was filed.

Under section 5219, the states are empowered to tax the shares of stock of national banks by including them in the valuation of the personal property of the owners in the assessment of taxes. The only restriction on this power of taxation is that taxation thereon shall not be any greater than is assessed on other moneyed capital in the hands of individual citizens of the state imposing the tax, and that the shares of any national bank owned by nonresidents of any state shall be taxed in the city or town where the bank is located and not elsewhere. Real property of national banks is by the same section made subject to local taxation to the same extent as other real property.

The Legislature of Ohio, in pursuance of the authority conferred by section 5219, has declared that all the shares of stockholders in an incorporated state or national bank shall be listed at their true value in money and shall be taxed only in the city, ward or village within

which the bank is located. Section 5408, G. C. Ohio. A national bank is required to keep at its place of business a full and correct list of the names and residences of its stockholders and the number of shares held by each, which list shall at all times during business hours be open to the inspection of local taxing officers. Section 5410. The cashier of such bank is required to make a return to the county auditor of the bank's resources and liabilities, with a full statement of the names and residences of its stockholders, the number of shares held by each and the par value of each share. Section 5411. The auditor then determines the value of the shares of such bank. Section 5412. The taxes assessed on the shares or their value are made a lien thereon from the first Monday of May in each year until they are paid. The duty is imposed on the bank to collect the taxes due upon its shares of stock from the several owners of the shares and to pay the same to the county treasurer. Failure to do so is attended with a penalty. Section 5672. The bank, having paid the tax assessed upon the shares held by its stockholders, is authorized to deduct the amount so paid from the dividends that are due or that may become due on such shares, and is given a lien upon the same and on all funds in its possession belonging to its shareholders or which may at any time come into its possession, for its reimbursement for the taxes so paid on account of its several shareholders, with legal interest, which lien may be enforced in an appropriate manner.

Section 2 of the Federal Reserve Act (Comp. St. 1916, § 9786) required every national bank to signify in writing within 60 days after the passage of the act its acceptance of the terms and provisions of such act. Any bank failing for one year to become a member of the Federal Reserve Bank forfeited all of its rights, privileges, and franchises. The amount of each national bank's subscription to the capital stock of the Federal Reserve Bank in the district in which such national bank is situated must be 6 per cent. of its paid-up capital stock and surplus. For the subscription thus made, the national bank becomes a shareholder or stockholder in the Federal Reserve Bank, but may not transfer or hypothecate its shares, each of which is of the face value of $100. Subsection 3 of section 7 provides that:

"Federal Reserve Banks, including the capital stock and surplus therein, and the income derived therefrom, shall be exempt from federal, state, and local taxation, except taxes upon real estate."

In Tennessee v. Whitworth, 117 U. S. 129, 136, 6 Sup. Ct. 645, 647 (29 L. Ed. 830), Mr. Chief Justice Waite, in speaking of taxable corporate elements, said:

"In corporations four elements of taxable value are sometimes found: (1) Franchises; (2) capital stock in the hands of the corporation; (3) corporate property; and (4) the shares of the capital stock in the hands of the individual stockholders. Each of these is, under some circumstances, an appropriate subject of taxation."

By the unambiguous provisions of section 5219 the power of the states to tax national banks is confined to a taxation of the fourth of the above elements—i. e., the shares of stock in the names of the shareholders, and to an assessment of the real estate of such banks. Owens-

boro Nat. Bank v. Owensboro, 173 U. S. 664, 669, 19 Sup. Ct. 537, 43 L. Ed. 850; People v. Weaver, 100 U. S. 539, 549, 25 L. Ed. 705; State, Northward Nat. Bank, v. City of Newark, 39 N. J. Law, 380, 383; Flint v. Board of Aldermen, 99 Mass. 141, 145, 96 Am. Dec. 713; First Nat. Bank of Richmond v. City of Richmond (C. C.) 39 Fed. 309.

When the plaintiff subscribed to the capital stock of the Federal Reserve Bank, it permanently invested a portion of its capital, and, it would seem, of its surplus also. Capital is thus defined in Bailey v. Clark, 21 Wall. (88 U. S.) 284, 286, 22 L. Ed. 651:

"When used with respect to the property of a corporation or association, the term has a settled meaning; it applies only to the property or means contributed by the stockholders as the fund or basis for the business or enterprise for which the corporation or association was formed."

Capital or capital stock (the terms being often used synonymously) is not the same thing as the shares of capital stock. In Farrington v. Tennessee, 95 U. S. 679, 687, 24 L. Ed. 558, quoted with approval in Powers v. Detroit & Grand Haven Ry., 201 U. S. 543, 560, 26 Sup. Ct. 556, 559 (50 L. Ed. 860), it is said:

"The capital stock and the shares of the capital stock are distinct things. The capital stock is the money paid or authorized or required to be paid in as the basis of the business of the bank, and the means of conducting its operations. * * * The capital stock and the shares may both be taxed, and it is not double taxation." The bank may be required to pay the tax out of its corporate funds, or be authorized to deduct the amount paid for each stockholder out of his dividends.

The Federal Reserve Act recognizes and maintains the distinction between capital stock and the shares of capital stock. See sections 5 to 8, both inclusive (Comp. St. 1916, §§ 9789–9791, 9694). It will be further noted that the term "capital stock," when used in referring to a national bank, has the same meaning as when applied to a Federal Reserve Bank. The exemption from federal, state, and local taxation, given by section 7 of such act, by express language extends only to the banks organized under that act, "including the capital stock (capital) and surplus therein, and the income derived therefrom." The correct interpretation of such an exempting clause is gathered from Railroad Cos. v. Gaines, 97 U. S. 697, 707, 24 L. Ed. 1091, in which it was said:

"In general, an exemption of capital stock, without more, may with great propriety be considered, under ordinary circumstances, as exempting that which, in the legitimate operation of the corporation, comes to represent the capital."

The exemption provided in section 7 does not extend to national banks organized under the National Banking Law. Had Congress intended that their capital stock should be relieved from taxation, it would have said so.

The stock purchased by the plaintiff in the Federal Reserve Bank is but a nontaxable investment of a part of its capital and surplus. As said in First Nat. Bank v. Albright, 208 U. S. 548, 553, 28 Sup. Ct. 349, 350 (52 L. Ed. 614):

"The law does not consider the nature of a bank's investments not taxed in fixing the value of its stock. Palmer v. McMahon, 133 U. S. 660 [10 Sup. Ct. 324, 33 L. Ed. 772]."

Whatever value the shares issued by the plaintiff national bank possess, they are to that extent taxable in the hands of their owners and holders. Rosenblatt v. Johnston, 104 U. S. 462, 26 L. Ed. 832; City, etc., of San Francisco v. Crocker-Woolworth Nat. Bank (C. C.) 92 Fed. 273. The courts have repeatedly ruled that, in fixing the value of the shares of stock of national banks for taxing purposes, the value due to the bank's ownership of nontaxable United States bonds as a part of its assets must be included. See, for instance, Cleveland Trust Co. v. Lander, 184 U. S. 111, 22 Sup. Ct. 394, 46 L. Ed. 456; Hager v. American Nat. Bank, 159 Fed. 396, 401, 86 C. C. A. 334 (C. C. A. 6); Van Allen v. Assessors, 3 Wall. 573, 18 L. Ed. 229; People v. Commissioners, 4 Wall. at page 258, 18 L. Ed. 344; Nat. Bank v. Commonwealth, 9 Wall. at page 359, 19 L. Ed. 701; Home Savings Bank v. Des Moines, 205 U. S. at pages 518, 519, 27 Sup. Ct. 571, 51 L. Ed. 901. The same rule applies as to nontaxable stock held by the plaintiff in the Federal Reserve Bank.

The declaration, in section 26 of the Federal Reserve Act, that all provisions of law inconsistent with or superseded by any of the provisions of such act are to that extent repealed, has no application to such a situation as is presented by the bill, for the reason that the exempting clause found in section 7 does not relieve or purport to relieve national banks, their capital and surplus from the taxation authorized by section 5219, and is therefore not inconsistent with and does not supersede the provisions, or any of them, of that section.

The temporary injunction is dissolved, and the motion to dismiss the bill is sustained. The same ruling may be taken in cases Nos. 87, 88, and 89, if the issues involved in those respective cases are the same as in this, which I understand to be the fact.

Other questions have been raised by the defense, but their consideration is not deemed necessary.