FIRST NAT. BANK OF CINCINNATI v. BEAMAN et al.

(Circuit Court of Appeals, Sixth Circuit. November 6, 1918.)

No. 3165.

TAXATION ⬅11—BANK STOCK—EXCLUSION FROM ASSETS OF FEDERAL RESERVE BANK STOCK—STATUTE.

Despite Federal Reserve Act Dec. 23, 1913 (Comp. St. §§ 9785–9805), under Rev. St. § 5219 (Comp. St. § 9784), stockholders of a national bank were not entitled, for purposes of the assessment of state, county, and municipal taxes, to any deduction of the value of their holdings on account of the bank's holdings of Federal Reserve Bank stock.

Appeal from the District Court of the United States for the Southern District of Ohio; John E. Sater, Judge.

Suit in equity by the First National Bank of Cincinnati against Edmund S. Beaman, Auditor, and Charles Cooper, Treasurer, of Hamilton County, Ohio. From a judgment for defendants (First Nat. Bank of Cincinnati v. Durr, 246 Fed. 163), plaintiff appeals. Affirmed.

John C. Healy, of Cincinnati, Ohio, for appellant.

W. M. Locke and Smith Hickenlooper, both of Cincinnati, Ohio, for appellees.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before KNAPPEN and DENISON, Circuit Judges, and McCALL, District Judge.

PER CURIAM. Plaintiff in error brought suit to restrain the collection of state, county, and municipal taxes assessed by the taxing authorities of Hamilton county, Ohio, under sections 5407 and following of the General Code of Ohio, against the stockholders of plaintiff bank upon the shares of the capital stock of that bank held by such stockholders, respectively, upon the contention that the assessments were unlawful, in that, in valuing the shareholdings there had not been excluded from the assets of the bank the stock held by it in the Federal Reserve Bank, under the provisions of Federal Reserve Act Dec. 23, 1913, c. 6, 38 Stat. 251 (U. S. Comp. St. 1916, §§ 9785–9805).

The crucial question presented is whether such exclusion is required by section 7 of the Federal Reserve Act, which in terms exempts Federal Reserve Banks, including the capital stock and surplus therein, and the income derived therefrom, from federal, state, and local taxation, except taxes upon real estate, and section 26 of that act, which repeals all provisions of law inconsistent with or superseded by any of the provisions of that act, to the extent of such inconsistency or superseding, or whether, on the other hand, the power of taxation is governed by section 5219 of the Revised Statutes of the United States (U. S. Comp. Stat. 1916, § 9784), which, as construed by the Supreme Court, expressly authorizes taxation by the states of the value of shares of national bank stock held by stockholders therein, without deduction on account of the fact that the bank's assets include securities of the United States which are declared by the statute authorizing them to be exempt from taxation by or under state authority. Act Feb. 25, 1862, 12 Stat. c. 33, pp. 345, 346; Rev. Stat. § 3701 (U. S. Comp. Stat. 1916, § 6816).

Judge Sater, who presided in the District Court, in the course of a well-reasoned opinion (First Nat. Bank of Cincinnati v. Dorr, 246 Fed. 163) reached the conclusion that section 5219 of the Revised Statutes governed, and thus that the bank's stockholders were not entitled for purposes of tax assessment, to any deduction from the value of their stockholdings on account of the bank's holding of Federal Reserve Bank stock. The bill was accordingly dismissed.

We are satisfied, not only with the correctness of this conclusion, but with the reasoning of the opinion on which the conclusion is based, and are content to affirm the judgment upon that opinion. We think it clear that Congress intended to place a national bank's holdings of Federal Reserve Bank stock upon precisely the same basis as its holdings of government bonds, so far as exemption from taxation is concerned, and thus not to extend such exemption to the taxation of shares of national bank stock held by stockholders therein.