Honorable R. L. Crosier, page 11

means of taxing the personal property of state banking corporations in the hands of the share-holders. It follows from this that such corporations are not now required to render their personal property for taxation. . . ."

The same construction of the Texas statutes involved was announced by the Court of Civil Appeals of Texas in the case of First National Bank of Lampasas v. City of Lampasas, 78 S. W. 42, writ of error dismissed by the Supreme Court. The court stated as follows:

"It is settled by decisions of the Supreme Court of the United States that it is not within the power of a state to subject the property of national banks to taxation without the consent of the federal Congress. The only provision of the federal statutes which authorizes such taxation is section 5219 of the Revised Statutes of the United States (U.S. Comp. St. 1901, p. 3502), and that permits such taxation as against such banks, upon real estate only. It authorizes state taxation of the stock of such banks as against the owners of such stock, but not as against the banks. In harmony with that statute, the Legislature of this state has made full provision for the assessment and collection of taxes upon national bank stock from the owners of such stock, and has made no attempt to compel national banks to pay taxes on such property. Sayles' Rev. Civ. St. 1897, arts. 5079, 5079a, and 5080. Hence we are of opinion that the bank was under no legal obligation to render and pay taxes on the property in question. These views are supported by authority. Miller v. First National Bank, 46 Ohio St. 424, 21 N.E. 860; First Nat. Bank v. Fisher, 45 Kan. 726, 26 Pac. 482."

It is our opinion that under the laws of this State real property belonging to a National bank is taxable against said bank but that personal property belonging to such a National bank may not be taxed by the State. Further, shares of

Honorable R. L. Crosier, page 12

stock in a National bank may be taxed in the hands of the shareholders. This has been the law of this State since the early Texas Supreme Court case of Harrison v. Vines, 46 Tex. 15. The court stated as follows:

> "It is now well settled by the Supreme Court of the United States, by whose construction an act of Congress this court is unquestionably bound, that the shares of banking associations authorized by the act of June 3, 1864, 'To provide a "national currency," &c., in the hands of the shareholders are liable to taxation by the States with the limitations and on the conditions set forth in the forty-first section of said act, although the entire capital of such bank is invested in national securities, which are declared by the statute authorizing them to be "exempt from taxation by or under State authority."' (Van Allen v. The Assessors, 3 Wall., 573; People v. The Commissioners, 4 Wall., 244; National Bank v. Commonwealth, 9 Wall., 353.). . . ."

The next question that arises is whether or not the shares of stock in a National bank which are taxed in the names of the shareholders should be assessed at a value which is reduced because of the fact that the National Bank owns Federal Reserve stock. The rule of law in such a case as to United States bonds owned by a National bank was stated by the Court of Civil Appeals of Texas in the case of Adair v. Robinson, 25 S. W. 734. The question before the court in that case was stated therein as follows:

> ". . . The facts are not controverted, and the only question presented for our decision is the right of the owners of the stock of the bank to render the same for taxation at its actual value, less the amount of the United States bonds and the legal tender notes owned by the bank on the 1st day of January, A. D. 1891. . . ."

The court held as follows:

"... There is no decision of that court known to us which tends to sustain the contention of defendants in error; but, on the contrary, in the case of Van Allen v. Assessor, 3 Wall. 573, it is expressly decided by a majority of the supreme court of the United States, after thorough and exhaustive discussion of the question, that it was not the right of the shareholders of a national bank to have deducted from the value of their shares of stock, when rendered to the state officer for taxation, the sum of money invested by the bank in United States bonds. Nor is there anything in the decisions of the supreme court of this state, that we have discovered, which countenances the rule for assessment of shares of bank stock which the defendants in error contend for. . . ."

In the case of First National Bank of Cincinnati, Ohio, v. Durr, 246 Fed. 163, the shareholders in a National bank contended that the value of the shares of stock in said bank must be reduced for state ad valorem tax purposes because the bank's ownership of shares of stock in a Federal Reserve bank. The contention of the bank's shareholders in that case was as follows:

"The plaintiff claims that the provisions of section 5219, R.S.U.S. (Act June 3, 1864, c. 106, § 41, 13 Stat. 111, as amended February 10, 1868 (15 Stat. 34, c. 7)), are so far repealed by section 26 of the Federal Reserve Act (Act Dec. 23, 1913, c. 6, 38 Stat. 25 (Comp. St. 1916, § 9803)), that the shareholders in the plaintiff bank are exempt from taxation by virtue of section 7 of the last-named act (Comp. St. 1916, § 9791) on so much of its capital and surplus as is invested in stock of the Federal Reserve Bank. A temporary injunction issued when the bill was filed.

". . . .

Honorable R. L. Crosier, page 14

". . . For the subscription thus made, the national bank becomes a shareholder or stockholder in the Federal Reserve Bank, but may not transfer or hypothecate its shares, each of which is of the face value of $100. Subsection 3 of Section 7 provides that:

"'Federal Reserve Banks, including the capital stock and surplus therein, and the income derived therefrom, shall be exempt from federal, state, and local taxation, except taxes upon real estate.'"

In the above quoted portions of the First National Bank v. Durr case it may be seen that the shareholders in the National Bank were contending that the provision in the Federal Reserve Act which provides that the Federal Reserve banks including the capital stock and the surplus therein and income derived therefrom were exempt from State taxation required the State taxing authorities to reduce the value of the shares of stock in the plaintiff's National Bank because said bank owned shares of stock in a Federal Reserve Bank. The court answered the contention and stated as follows:

"The exemption provided in Section 7 does not extend to national banks organized under the National Banking Law. Had Congress intended that their capital stock should be relieved from taxation, it would have said so.

"The stock purchased by the plaintiff in the Federal Reserve Bank is but a nontaxable investment of a part of its capital and surplus. As said in First Nat. Bank v. Albright, 208 U. S. 548, 553, 28 Sup. Ct. 349, 350 (52 L. Ed. 614):

"'The law does not consider the nature of a bank's investment not taxed in fixing the value of its stock. Palmer v. McMahon, 133 U.S. 669 (10 Sup. Ct. 324, 33 L. Ed. 772).'

"Whatever value the shares issued by the plaintiff national bank possess, they are to that extent taxable in the hands of their owners and holders. Rosenblatt v. Johnston, 104 U. S. 462, 26 L. Ed. 832; City, etc., of San Francisco v. Crooker-Woolworth Nat. Bank (C.C.) 92 Fed. 273. The courts have repeatedly ruled that, in fixing the value of the shares of stock of national banks for taxing purposes, the value due to the bank's ownership of nontaxable United States bonds as a part of its assets must be included. See, for instance, Cleveland Trust Co. v. Lander, 184 U.S. 111, 22 Sup. Ct. 394, 46 L. Ed. 456; Hager v. American Nat. Bank, 159 Fed. 396, 401, 86 C.C.A. 334 (C.C.A. 6); Van Allen v. Assessors, 3 Wall. 573, 18 L. Ed. 229; People v. Commissioners, 4 Wall. at page 258, 18 L. Ed. 344; Nat. Bank v. Commonwealth, 9 Wall. at page 359, 19 L. Ed. 701; Home Savings Bank v. Des Moines, 205 U.S. at pages 518, 519, 27 Sup. Ct. 571, 51 L. Ed. 901. The same rule applies to nontaxable stock held by the plaintiff in the Federal Reserve Bank."

The court denied the contention of the shareholders in the National bank and held that the same rule applied as to stock owned by the National bank in a Federal Reserve bank as has been previously announced applied where the National bank owned United States bonds as a part of its assets.

The Circuit Court of Appeals affirmed the decision of the District Court and stated as follows:

"We are satisfied, not only with the correctness of this conclusion, but with the reasoning of the opinion on which the conclusion is based, and are content to affirm the judgment upon that opinion. We think it clear that Congress intended to place a national bank's holdings of Federal Reserve Bank stock upon precisely the same basis as its holdings of government bonds, so far as exemption from taxation

Honorable R. L. Crosier, page 16

of shares of national bank stock held by
stockholders therein."

You are therefore advised that in the opinion of
this department the value of shares of stock owned by stock-
holders in a National bank may not be reduced because of the
fact that the National bank owns shares of stock in a Federal
Reserve bank.

We trust that the foregoing fully answers your in-
quiry on this matter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 25, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

BG:db

By Billy Goldberg
Assistant


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN