## FIRST NATIONAL BANK AND TRUST COMPANY *v.* TOWN OF WEST HAVEN

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 14—decided November 18, 1948

*Clarence A. Hadden,* with whom, on the brief, were *William L. Hadden* and *James O. Shea,* for the appellant (defendant).

*Richard H. Bowerman,* with whom was *James W. Cooper,* for the appellee (plaintiff).

ELLS, J. The issue is whether the personal property of national banks is exempt from local taxation.

The plaintiff, a national bank chartered by the federal government, maintains a branch in the town of West Haven. The assessors of the town filled out an assessment list for the plaintiff and added thereto a penalty of 10 per cent, presumably because the plaintiff itself filed no list. The list was as follows: "Fixtures at 574 Campbell Avenue, West Haven Branch, $10,000. Oil Burner at 574 Campbell Avenue, $360." These items comprised all of the personal property owned by the plaintiff at its West Haven branch. The plaintiff applied to the Court of Common Pleas for relief against the alleged wrongful assessment. General Statutes, Sup. 1941, § 165f. The court decided that the property in question was exempt from local taxation and entered judgment for the plaintiff. The defendant has appealed. An undisputed finding is that the articles assessed are personal property.

National banks are agencies of the United States, created under its laws to promote its fiscal policies, and the banks, their property and their shares cannot be taxed under state authority except as Congress consents, and then only in conformity with restrictions attached to its consent. *First National Bank* v. *Anderson,* 269 U. S. 341, 347, 46 S. Ct. 135, 70 L. Ed. 295; *Des Moines National Bank* v. *Fairweather,* 263 U. S. 103, 106, 44 S. Ct. 23, 68 L. Ed. 191. The authority of states and their subdivisions to tax the property of national banks has been defined by Congress in Revised Statutes, § 5219, as amended, 12 U. S. C. § 548 (1946). This section provides that states may tax the shares of national banking institutions in any one of four ways: "(1) tax said shares, or (2) include dividends derived therefrom in the taxable income of an owner or holder thereof, or (3) tax such associations on their net income, or (4) according to or measured by their net income." The statute also contains the

provision: "3. Nothing herein shall be construed to exempt the real property of associations from taxation . . ." Plainly, this grant of power includes only such personal property as is therein described. These statutes prescribe the full measure of the power of the several states to impose taxes upon national banking associations or their stockholders. Any assessment not in conformity therewith is unauthorized and invalid. *First National Bank* v. *Adams,* 258 U. S. 362, 364, 42 S. Ct. 323, 66 L. Ed. 661; *Bank of California* v. *Richardson,* 248 U. S. 476, 482, 39 S. Ct. 165, 63 L. Ed. 372. The case of *Tradesmens Bank* v. *Tax Commission,* 309 U. S. 560, 60 S. Ct. 688, 84 L. Ed. 947, does not hold to the contrary. In that case the court was considering a tax imposed under the statutes we have cited; and, while the language used as to taxing the income of national banks is general, the court was manifestly referring to such a tax as one of the methods by which, under the statutes, a tax may be imposed upon the shares of national banking associations. The personal property of the plaintiff which the defendant seeks to tax in the present case is not within the authority granted by the federal statute. *Rosenblatt* v. *Johnston,* 104 U. S. 462, 26 L. Ed. 832. It follows that the assessment was beyond the power of the defendant, definitely delimited by § 5219 of the Revised Statutes.

Additional authorities are cited and discussed in annotations to 12 U. S. C. A. § 548 (p. 19, n. 63) and are there summarized as follows: "The effect of this section is to exempt personal property belonging to national banks from direct assessment and taxation by the state; that is, the personal property of such banks cannot be directly assessed to them by the state for purposes of taxation."

The defendant's contention, summarized, is that the federal statute permits the law of this state to govern

the taxation of national banks so long as the basis of the tax is reasonable and there is no discrimination against national banks. The overwhelming weight of authority is to the contrary effect. Furthermore, the Connecticut statute which the defendant claims gives to the state the power to tax the property of national banks does not do so. The defendant relies on § 284i of the 1947 Supplement to the General Statutes, which provides: "The whole property in this state of each corporation organized under the law of this state . . . and the whole property in this state of each corporation organized under the law of any other state or country, shall be set in its list and liable to taxation in the same manner as the property of individuals." A national bank is not organized under the law of this state or of any other state or country. It is organized under the laws of this country.

The decision of the trial court upon the single issue of law involved in the case was correct.[1]

There is no error.

In this opinion the other judges concurred.

---

[1] The judgment reads in part as follows: "Whereupon it is adjudged that the tax sought to be collected and the penalty laid thereon is not legally due and owing by the plaintiff, and that the assessors of the defendant Town are directed to strike said list from the assessment records of said Town and wholly desist from collecting or attempting to collect said tax." The present action is an application brought under § 165f, Sup. 1941, for the relief therein authorized. We recently discussed the nature of such an application and said that the relief to be accorded would be a judgment that the taxes based on the assessment in question are not justly due. *Fenwick* v. *Old Saybrook,* 133 Conn. 22, 24, 47 A. 2d 849.

The defendant has not assigned as error the inclusion in the judgment of improper matter. The error is not of consequence in the present case and we refer to it only that similar mistakes may be avoided in the future.