Hart, J.,
concurring. I am the writer of the opinion in the case of Wrenn Paper Co. v. Glander, Tax Commr., 156 Ohio St., 583, 103 N. E. (2d), 756, holding that, in determining the franchise tax on an Ohio corporation for profit, pursuant to the provisions of Sec *277 tion 5495 et seq., General Code, federal securities owned by sucb corporation could not be included in the tax base because in legal effect such inclusion resulted in an illegal tax on such securities. That case was overruled by this court in the case of Fifth Third Union Trust Co. v. Peck, Tax Commr., 161 Ohio St., 169, 118 N. E. (2d), 398. I dissented in the latter case, basing my dissent on the interpretation of ambiguous provisions of Sections 5328-1 and 5328-2, General Code, directing the manner in which the Tax Commissioner shall determine the franchise tax base.
Having given this matter further thought and consideration, I have reached the conclusion that the Fifth Third Union Trust Co. case adopts the better rule which has received persuasive judicial sanction. In the first place, the rule adopted in that case avoids an unjust discrimination in the corporate franchise tax as between corporations, whose assets represented by its shares of stock are invested in federal securities, and those corporations, whose assets are not so invested. See Western Union Telegraph Co. v. City of Omaha, 73 Neb., 527, 103 N. W., 84.
Also persuasive to me is the position taken by the federal Supreme Court in the case of Schuylkill Trust Co. v. Pennsylvania, 296 U. S., 113, 80 L. Ed., 91, 56 S. Ct., 31, in which the court held, in effect, that a state tax upon corporate shares as such, as distinguished from a tax upon the assets constituting the value of the shares, is not objectionable as a tax upon securities of the United States or its instrumentalities owned by the corporation.
The tax involved in that case was one levied on the value of the shares of a corporation, which included tax exempt federal securities and was therefore held invalid; but the court at the same time distinguished .such a tax from one on the shares as such. See Cleveland Trust Co. v. Lander, 184 U. S., 111, 46 L. Ed., 456, *278 22 S. Ct., 394; Des Moines National Bank v. Fairweather, Mayor, 263 U. S., 103, 68 L. Ed., 191, 44 S. Ct., 234. Here the tax is on the franchise and not on the property of the corporation, or even upon the value of the shares of the corporation.