The **FIRST NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY**, Plaintiff,

and

**Clarence L. Boyd Company, Inc., a corporation, and Boecking-Berry Equipment Company, a corporation, Involuntary Plaintiffs,**

v.

**Fred A. McDONALD, County Assessor of Kingfisher County, Oklahoma, et al., Defendants.**

Civ. No. 67–199.

United States District Court
W. D. Oklahoma.
April 17, 1968.

R. C. Jopling, Jr., of Fowler, Rucks, Baker, Jopling, Gramlich & Mee, Stuart B. Strasner, Oklahoma City, Okl., for plaintiffs.

Clarence Black, of Ames, Daugherty, Bynum, Black, Ashabranner & Rogers, Oklahoma City, Okl., for involuntary plaintiff Clarence L. Boyd Company.

B. J. Brockett, Oklahoma City, Okl., for involuntary plaintiff Boecking-Berry Equipment Company.

G. T. Blankenship, Atty. Gen., Brian H. Upp, Asst. Atty. Gen., for the State of Oklahoma, Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

Plaintiff Bank, a national banking association, instituted this suit to restrain the levy and collection of personal property taxes on certain machinery and equipment owned by Plaintiff Bank and situated in Kingfisher, Caddo, Grant and Stephens Counties, Oklahoma. The Involuntary Plaintiffs request that they not be assessed or taxed regarding the said personal property involved, as they are not the owners thereof. The Defendants are county officials of the above named Counties, acting pursuant to 68 Oklahoma Statutes § 2401 et seq. The Court exercises jurisdiction herein under 28 United States Code § 1331 as the question presented is whether a State can lawfully tax the personal property of a national bank without contravening the provisions of 12 United States Code § 548. This is the sole question in the case as the parties have submitted their controversy by stipulation on the basis of the above facts.

The federal statute involved [1] prescribes four methods by which a State may tax national banks. None of the prescribed methods includes taxing personal property owned by national banks.

The United States Supreme Court has held, in a brief and unrevealing opinion, that personal property of a national bank may not be taxed. Rosenblatt v. Johnston, 104 U.S. 462, 26 L.Ed. 832 (1882). However, this case was cited in

---

1. 12 U.S.C. § 548 in part provides:
   "*State taxation.* The legislature of each State may determine and direct, subject to the provisions of this section, the manner and place of taxing all the shares of national banking associations located within its limits. The several States may (1) tax said shares, or (2) include dividends derived therefrom in the taxable income of an owner or holder thereof, or (3) tax such association on their net income, or (4) according to or measured by their net income, provided the following conditions are complied with:
   "1. (a) The imposition by any State of any one of the above four forms of taxation shall be in lieu of the others, except hereinafter provided in subdivision (c) of this clause."

Des Moines National Bank v. Fairweather, 263 U.S. 103, 44 S.Ct. 23, 68 L.Ed. 191 (1923), along with other cases for the broad proposition that, "* * * there can be no taxation, by or under State authority, of the banks, their property, or the shares of their capital stock otherwise than in conformity with the terms and restrictions embodied in the assent given by Congress to such taxation." 263 U.S. at p. 105, 44 S.Ct. at p. 24, 68 L.Ed. at p. 195.

Many cases have held that the effect of 12 U.S.C. § 548 is to exempt personal property belonging to a national bank from direct assessment and taxation by the State. Rosenblatt v. Johnston, supra; People of State of New York v. Weaver, 100 U.S. 539, 25 L.Ed. 705 (1879); City and County of San Francisco v. Crocker-Woolworth Nat. Bank, 92 F. 273 (Cal.Cir.Ct.1899); Stapylton v. Thaggard, 91 F. 93, 33 C.C.A. 353 (Fifth Cir. 1898); Covington City Nat. Bank v. Covington, 21 F. 484 (6 Cir. 1884); Bank of California v. King County, 16 F.Supp. 976 (D.C.Wash. 1936); First Nat. Bank of San Francisco v. City and County of San Francisco, 129 Cal. 96, 61 P. 778 (Cal.S.Ct.1900); People v. National Bank of D. O. Mills & Co., 123 Cal. 53, 55 P. 685, 45 L.R.A. 747, 69 Am.St.Rep. 32 (Cal.S.Ct.1898); First Nat. Bank v. Kreig, 21 Nev. 404, 32 P. 641 (Nev.S.Ct.1893); First Nat. Bank of Lampasas v. Lampasas, 33 Tex. Civ.App. 530, 78 S.W. 42 (Tex.App. 1903); First Nat. Bank & Trust Co. v. Town of West Haven, 135 Conn. 191, 62 A.2d 671 (Conn.S.Ct.1948); Tarrant v. Bessemer Nat. Bank, 7 Ala.App. 285, 61 So. 47 (Ala.App.1912).

The parties have stipulated that the Plaintiff is the bona fide owner of the personal property involved.

It has been pronounced that unless a State exercises its power to tax national banks by virtue of 12 U.S.C. § 548, it has no power at all to tax. First Nat. Bank of Guthrie Center v. Anderson, 269 U.S. 341, 46 S.Ct. 135, 70 L.Ed. 295 (1926); Des Moines National Bank v. Fairweather, supra. The State of Oklahoma has exercised the power granted it by 12 U.S.C. § 548, by 68 Oklahoma Statutes § 2314, the pertinent provisions of which are set out below.[2] The Court thinks that it is significant that the Oklahoma Statute also provides that its tax, "shall be exclusive and in lieu of all taxes levied by the State of Oklahoma, or any subdivision thereof, on the property of any association liable to tax hereunder; * * *." The drafters of this legislation recognized the limits of the power conferred by method (4) of the federal statute, and confined the Oklahoma tax to net income of national banking associations.

██ The cases above cited and the language of the above Oklahoma Statute clearly negate the contention of the Defendants that by selecting one of the four methods set out in 12 United States Code § 548, the same is in lieu of the other three specified methods of taxation but is not to exclude any other methods of taxation such as the taxation of personal property as attempted by the Defendants against the property of the Plaintiff. The Court finds this contention and argument of the Defendants to be void of merit. All cases in point as set out above hold that 12 United States

2. 68 Oklahoma Statutes, § 2314:
"*Tax on income of national banking associations.*
"(a) In lieu of the tax levied by Section 2304, every national banking association located or doing business within the limits of the State of Oklahoma, shall annually, pay to this State, a tax according to, or measured by, its net income, * * *
"(b) The State of Oklahoma is hereby adopting method numbered (4), authorized by Section 5219, U. S. Revised Statutes, as amended (12 U.S.C. § 548). The tax levied by this Section shall be exclusive and in lieu of all taxes levied by the State of Oklahoma, or any subdivision thereof, on the property of any association liable to tax hereunder; provided, that nothing in this Section shall be construed to exempt the real property of national banking associations from taxation to the same extent, according to its value, as other real property is taxed; * * *."

Code § 548 exempts the personal property of a national bank from direct assessment and taxation by a State. No cases to the contrary are presented by the Defendants or have any been found by the Court.

The Defendants also argue that the Plaintiff Bank, by the simple expedient of purchasing the machinery from the Involuntary Plaintiffs, escapes the personal property tax although it is engaging in a commercial enterprise as opposed to traditional banking functions. The Defendants present no case which supports this argument. Moreover, in their brief they say, "Conceding the leasing arrangement between the Involuntary Plaintiffs and the Plaintiff to be valid under state law, (6 O.S.Supp.1967, § 419), * * *" Also the parties in their Stipulation agree that Rule No. 3400 of the Comptroller of the Currency of the United States provides that a national bank may become the owner or lessor of personal property. The basis of the theory that Congress is the only appropriate body to permit taxation of national banks originated with McCulloch v. Maryland, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819). That theory has been consistently sustained.[3] Thus, this argument of Defendants is more properly addressed to Congress than to this Court, for 12 U.S.C. § 548 has drawn no distinction on the basis of the amount or kind of business in which a national banking association may engage.

■ The Court therefore holds that the Defendants are without power to tax the personal property of the Plaintiff, a national bank, and should be permanently enjoined from doing so. Defendants should be enjoined from taxing the personal property involved herein against the Involuntary Plaintiffs as they are not the owners thereof as shown by the Stipulation.

Counsel for Plaintiff is directed to prepare an appropriate judgment based on the foregoing for the Court within ten (10) days of the date hereof.

---

3. A glance at pp. 99–100 of Shepard's United States Citations-Cases (1943 Volume) indicates the futility of citing authority. Perhaps the best analysis of the meaning of this case appears in Helvering v. Gerhardt, 304 U.S. 405, 58 S.Ct. 969, 82 L.Ed. 1427, (1937), 304 U.S. at pp. 411–412, 58 S.Ct. at p. 971, 82 L.Ed. pp. 1432–1433 (Opinion by Justice Stone).