### NATIONAL BANK OF VIRGINIA *v.* CITY OF RICHMOND *et al.*

#### MERCHANTS' NAT. BANK *v.* SAME.

##### (*Circuit Court, E. D. Virginia.* July 1, 1890.)

**1. TAXATION—ASSESSMENTS—NATIONAL BANKS.**
Under Rev. St. U. S. § 5219, which declares that nothing in the national banking act shall prevent all the shares of stock of a national bank from being included in the assessment of the personal property of the owners of such shares, an assessment of the entire stock of a national bank *in solido* against the bank itself is invalid.

**2. SAME—CONSTITUTIONAL LAW.**
Act Va. Jan. 27, 1890, which attempts to legalize taxes levied upon such invalid assessment, is void.

In Equity.
*James Alfred Jones,* for National Bank of Virginia.
*Pegram & Stringfellow,* for Merchants' National Bank.
*C. V. Meredith,* City Atty., for defendants.
Before BOND and HUGHES, JJ.

BOND, J. On July 17, 1889, the defendant Cunningham, who was the collector of taxes for the city of Richmond, presented to the Merchants' National Bank of Virginia, located at Richmond, a bill of taxes assessed upon the shares of stock of that association, of which the following is a copy:

1889.                                                                  (Ward 3.)
.The Merchants' National Bank, to City of Richmond, Dr.
Tax on shares of stock, - - - - $255,000
Less value of real estate, - - · - 53,942

$201,058, at 1.40, $2,814 81

—With a request that the same be promptly paid, to avoid a penalty of 5 per cent. imposed by the ordinances of that city. A similar bill for taxes, to the amount of $2,324, was presented to the National Bank of Virginia, as a tax on its shares of stock, which were valued at $216,-000, with a deduction of $50,000 for real estate held by the bank. After the presentation of these bills by the collector, the corporations whose shares had been assessed for the payment of the tax filed separate bills of complaint in this court to enjoin the collector from proceeding to col-

lect the same from the bank.  A temporary injunction was issued, and now, the matter having been finally heard upon their answers and exhibits and arguments of counsel, it is to be determined whether the temporary injunction shall be dissolved or made permanent.

The power to tax national bank shares is given by section 5219 of Revised Statutes, which declares that nothing in the law of the United States respecting banks shall prevent all the shares in any such association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the state within which the association is located.    The tax in these cases is assessed upon all the shares issued by the association *in solido* against the association, and the cashier is required by the collector to pay it or be subject to a penalty.    In the *Case of First Nat. Bank of Richmond*, 39 Fed. Rep. 309, (tried in this court a short time ago,) the record in which case has gone to the supreme court, it was held by the district judge that such an assessment of a tax on the whole of the shares of a bank, at their market value, was nothing else than an assessment of the capital stock of the bank, and was not authorized by the act of congress, and that to tax the shares of the bank at all they must be listed in the name of the shareholder.    Any other view of the law than this would work a grievous wrong to the shareholders of national banks.    By the law of Virginia, every person assessed for a tax upon his personal property has a right to deduct from the valuation the amount of his indebtedness, so that he may be charged only with taxes on what he owns, when a balance is struck between him and his creditors.    To assess the bank on all its shares *in solido* is to prevent entirely a shareholder therein from this benevolent and just provision of law.

Since the decision in the *Case of the First Nat. Bank of Richmond*, prompted by a desire to remedy this difficulty, the general assembly of Virginia, by act approved January 27, 1890, provided:

"An act to legalize and confirm certain taxes imposed by the city of Richmond for the year 1889, upon all the shares of stock issued by state and national banks located in said city.   (1) Be it enacted by the general assembly of Virginia that the assessments for taxes imposed by the city of Richmond for the year eighteen hundred and eighty-nine, upon all shares of stock issued by state and national banks located in said city, and required by said city to be paid by the cashier of each bank, respectively, are hereby legalized and confirmed, subject to the right of the shareholders, or their personal representatives, of stock issued by the national or state banks which were located in said city during the year eighteen hundred and eighty-nine, to claim a deduction from or cancellation of such assessments as provided for in the next section. (2) Within five days from the passage of this act the collector of city taxes of said city shall notify the cashier of each of said banks that at the office of such collector the said collector will be in attendance at his office for three weeks subsequent to the service of said notice, and will hear any applications that may be made to him for the purpose of deducting from the assessment aforesaid any amount which any shareholder of any one or more of said banks, or any personal representative of such shareholder, by reason of the indebtedness of said shareholder, would have been entitled to deduct from the aggregate value of his shares of stock, had such amount been invested in other moneyed capital.   (3) During the time above named the cashiers of any of said banks,

or any holder of any shares of stock issued by any of such banks assessed as above stated, or any one representing such shareholder, may appear before such collector, and make application to have a deduction made as above stated. The collector shall have power to administer an oath to the applicant, and, after an examination of him upon the material facts of such application, shall grant such deduction: provided, the shareholder has made no deduction on account of his indebtedness from his other personal property. Or, if the said collector shall be satisfied from the evidence before him or otherwise that any such shareholder paid a municipal or county tax for the year eighteen hundred and eighty-nine upon his shares of stock in any other county, city, or town of this state, he shall deduct from said assessment an amount equal to the tax charged in said assessment upon the shares of stock so held by such person. (4) After the expiration of the time allowed for hearing the application above mentioned, the said collector shall amend the tax-bill now held against each cashier as above mentioned, by deducting therefrom the aggregate of such deductions as may be allowed to the stockholders of the bank of which he is cashier. After each of said tax-bills has been so amended so far as required by reason of any such deductions, the collector shall present the same for payment to the cashier against whom it is assessed, and, if the same be not paid within ten days from said presentation, the same shall then become a delinquent tax due said city, and liable to the imposition of such penalties, and to be enforced as other delinquent taxes due said city. (5) This act shall be in force from its passage."

It seems from this statute that the state, still adhering to the right to assess the tax on all the shares of a banking association to the association, has directed the collector to notify the cashier of each bank that he will be ready at a certain time and place to make any deduction from the assessment which any shareholder may show he is entitled to, and that he will amend any bill against any cashier as he may be advised after such showing. But this does not avoid the difficulty, for, even if it were the duty of the cashier, which it is not, to notify the stockholders that the bank had been assessed for a tax upon its whole shares at a certain valuation, it would be impossible for him, without great difficulty, to apportion the amount among the shareholders. The taxes of the city of Richmond are higher than they are in the lesser towns of the state, and a shareholder in Danville is not liable for as much tax as a shareholder in Richmond, nor is his tax payable to the same municipality. While the cashier can be required to collect and pay the tax, he cannot be required to ascertain its amount. This is the duty of those appointed to assess and levy the tax in accordance with the law of Virginia. It was in view of this that congress provided (Rev. St. § 5210) that every national bank should keep at all times a full and correct list of the names and residences of all the shareholders of the association, and the number of shares held by each, to be open to the inspection of all the shareholders and the officers authorized to assess taxes under state authority. The last clause would be useless if the state officers were permitted to discover the number of shares the bank had issued, and then assess the tax on them *in solido* against the bank at market value. The method of assessment of this tax was illegal in the first instance and void, and no act of the general assembly of Virginia can validate it. The case of *Supervisors* v. *Stanley*, 105 U. S. 305, which has been urged in argument in support

of the validating act above quoted, is not in point. There it appears the assessment was against the stockholders. We think the injunction heretofore granted should be made perpetual, and it is so ordered.

HUGHES, J., concurs.