ROBERT L. CLARK, as County Treasurer of Madison County, New York, Plaintiff, v. THE FIRST NATIONAL BANK OF MORRISVILLE, NEW YORK, Defendant.

Supreme Court, Madison County, September 3, 1927.

Taxation — assessment — National bank shares — assessment of shares of bank as whole and not against each shareholder is not illegal — U. S. Revised Statutes, § 5219, and Tax Law, §§ 24, 24-b, 24-d, 24-f, construed and applied.

The assessment of shares of stock in a National bank by a board of assessors which assessment is made in the aggregate and is not carried out against each stockholder, is authorized under a proper construction of section 5219 of the United States Revised Statutes and sections 24, 24-b, 24-d and 24-f of the Tax Law.

ACTION to recover $854.59 and interest, assessed in 1924 as an omitted tax for the year 1923 against the shares of defendant's stock held by its stockholders.

*W. E. Lounsbury*, for the plaintiff.

*J. A. Johnson*, for the defendant.

SENN, J. The defendant is and for many years has been a National banking association, duly organized under the laws of the United States governing National banks, located and doing business at Morrisville in the town of Eaton, Madison county, N. Y.

In the year 1923 the defendant complied with section 23 of the Tax Law (as amd. by Laws of 1917, chap. 153)* by furnishing the assessors of the town of Eaton with the statement required by said law, from which it appeared, among other things, that the capital stock of the bank was $50,000, divided into 500 shares of the par value of $100 each and that the surplus and undivided profits were $35,458.50, making a total of $85,458.50. It also included a list of the names and residences of the stockholders with the number of shares held by each.

Through some inadvertence this was omitted from the tax roll of the town for that year and the tax of one per cent upon said shares as provided by section 24-b (added by Laws of 1916, chap. 323, as amd. by Laws of 1923, chap. 897)* was not assessed by the board of supervisors for that year.

* Since repealed by Laws of 1926, chap. 286.— [REP.

In the year 1924 the said tax, amounting to $854.59, was assessed as an omitted assessment of the year 1923 and a notice of the same was mailed to the cashier of the defendant bank pursuant to section 24-d of the Tax Law (added by Laws of 1916, chap. 323, as amd. by Laws of 1917, chap. 153).*

This notice did not separately specify the amount of tax to be charged to each respective stockholder, but stated the aggregate sum, leaving it to the bank to compute the amounts to be collected from each.

The form of the assessment (omitting entries as to how the tax was to be distributed) was as follows:

Towns in which banks are located, Eaton,

Names of banking institutions, First National Bank, Morrisville, N. Y.

Total amount of capital stock, surplus and undivided profits assessment, $85,458.50.

Total tax levied, $854.59.

In the assessment roll of the town of Eaton for 1923 there was inserted in 1924 and set forth under the title " Bank assessments " a statement based on the statement furnished by the bank to the assessors, setting forth the name and residence of each stockholder, the number of shares held by each and the assessed value of each such share. Also the grand totals of the shares and their value. But the separate tax assessed was not " extended " or carried out as is done in the regular assessment of real and personal property.

In the warrant to the county treasurer for the collection of this tax it was given in the aggregate. In one portion of the warrant it is mentioned as " the amount of tax levied by this Board upon such banks and banking associations," but later it is referred to as the " shares of bank stock assessable." It also refers to section 24 of the Tax Law and its amendments as being the law under which it is assessed.

The tax has never been paid. Defendant claims that the assessment as made is in form and effect an assessment against the bank and not an assessment of the shares of the stockholders as required by law; that it not only is not required to compute the amounts separately chargeable to the stockholders, but that it has no right to do so. In short, that the assessment *in solido* against the shares of stock as a whole is in violation of the Federal and State law and that, therefore, it could not legally pay this tax.

There can be no question but that if this is to be deemed a tax against the bank and its property, it is illegal and cannot be enforced.

* Since repealed by Laws of 1926, chap. 286.— [REP.

Section 5219 of the Revised Statutes of the United States (U. S. Code, tit. 12, § 548) provides that, subject to certain restrictions not in question here, all the shares of any association may be included in the valuation of the personal property of the owner or holder of such shares in assessing taxes imposed by authority of the State within which the association is located and the Legislature of each State may determine and direct the manner and place of taxing all the shares of National banking associations located within the State and may tax their real property to the same extent, according to its value, as other real property is taxed.

This section circumscribes and limits the power of the State to levy any tax as against or affecting any National bank. Any attempt, whether by the State or any one assuming to act under its laws, to go beyond these limits is without legal authority and all acts and determinations in that behalf constitute a legal nullity.

National banks are instrumentalities of the Federal government, created for a public purpose, and as such necessarily subject to the paramount authority of the United States. It follows that any attempt by a State to define their duties or control the conduct of their affairs is absolutely void, whenever such attempted exercise of authority expressly conflicts with the laws of the United States. (*Davis* v. *Elmira Savings Bank*, 161 U. S. 275, 283.)

The respective States would be wholly without power to levy any tax, either direct or indirect, upon the National banks, their property, assets and franchises, were it not for the permissive legislation of Congress. (*Owensboro National Bank* v. *Owensboro*, 173 U. S. 664, 667, 668.)

Under the authority of section 5219 of the United States Revised Statutes above referred to, the Legislature of this State has from time to time enacted statutes regulating and prescribing the method of assessing and taxing the shares of stock of National banks located in this State. It is not claimed that there is any conflict between these statutes and the laws of the United States. The contention is that the requirements of the State law were not followed in making the assessment, specifically that an assessment of the shares as a whole is not an assessment of the tax to be paid by each shareholder.

The statute, so far as applicable to the question, prescribes that in assessing the shares of banking associations, the value of each share of stock shall be ascertained and found by adding together the amount of the capital stock, surplus and undivided profits of such banking association and by dividing the result by the number of outstanding shares. The owners of the stock are not entitled to any deduction on account of personal indebtedness or for any

other reason.   (Tax Law, § 24.)   The rate of tax is one per centum upon the value.   (Tax Law, § 24-b.)   The board of supervisors shall ascertain from an inspection of the assessment rolls the number of shares of stock of bank associations, the names of the banks issuing the same and the assessed value of such shares as ascertained in the manner prescribed in this article and entered upon the assessment rolls and shall forthwith mail to the president or cashier of each of said banks a statement setting forth the amount of its capital stock, surplus and undivided profits, the number of outstanding shares thereof, the value of each share of stock taxable in said county and the aggregate amount of tax to be paid by such banking association.   (Tax Law, § 24-d.)

Section 24-f of the Tax Law (added by Laws of 1916, chap. 323, as amd. by Laws of 1924, chap. 2)* makes it the duty of the bank to collect the tax due on its shares of stock from the several owners of such shares and to pay the same to the treasurer of the county wherein the bank is located on or before the thirty-first day of December of that year, and prescribes a penalty for a failure to pay the tax.   The bank is given a lien on the shares of stock and on all the property of the several shareholders in its hands for reimbursement of the taxes so paid.

I have set forth only so much of the statute as, in my opinion, has a bearing or may throw light on the defendant's contention that the tax as assessed was in reality a tax against the bank as such.   An examination of the cases has convinced me that it is not so.

The effect of section 5219 of the Revised Statutes of the United States is to exempt personal property belonging to banks from direct assessment and taxation by the States.   (*Rosenblatt* v. *Johnston*, 104 U. S. 462; *People* v. *Weaver*, 100 id. 539.)

The test of whether a State law violates this statute is whether it assumes to assess any tax affecting the bank, aside from the real estate tax and the assessment of the stock of the stockholders to be collected from them.   It does not invalidate State laws which make the bank the agent of the stockholders to collect the tax. So held in *Aberdeen Bank* v. *Chehalis County* (166 U. S. 440), which seems to be a case directly in point upon the question at issue here.   It was there held, construing a statute of the State of Washington substantially the same as the New York statute, that an assessment and taxation of all the shares of the stock of a National bank *in solido*, and in form to the bank direct, does not constitute a tax upon the bank, but is in effect a tax of the shares

---

* Since repealed by Laws of 1926, chap. 286.— [REP.

as against the owners thereof. It is true that in the Washington statute there was no provision requiring the bank to furnish the assessors with a list of the stockholders. I do not think that this constitutes any essential difference. It may be argued that the purpose of such a requirement is to enable the assessing and taxing officer separately to carry out and " extend " the tax as against each stockholder, but I think that it is rather to enable the assessors to check up and verify the more general statement furnished by the bank. For instance, the New York statute requires the bank to give the residences of the stockholders, yet it does not provide for any notice to be given them except as notice to the bank may be deemed notice to them. The New York statute does not in express language designate the banks as agents of the stockholders, yet it very clearly constitutes them such for the purposes of the tax. The notice to be given by the supervisors to the banks must state the value of each share of stock taxable, not the value of the stock holding of each stockholder. Therefore, the word " each " as used does not necessarily or by implication call for a separate and detailed assessment of the stock of each stockholder.

As stated by the court in *National Bank* v. *Commonwealth* (9 Wall. 353), cited in the *Aberdeen* case: " It has been the practice of many of the States for a long time to require of its corporations, thus to pay the tax levied on their shareholders. It is the common, if not the only, mode of doing this in all the New England States, and in several of them the portion of this tax which should properly go as the shareholder's contribution to local or municipal taxation is thus collected by the State of the bank and paid over to the local municipal authorities. In the case of shareholders not residing in the State, it is the only mode in which the State can reach their shares for taxation."

The case of *Owensboro National Bank* v. *Owensboro (supra)*, decided two years later than the *Aberdeen* case, is not in conflict with it. It probably was not so considered as there had been but one change in the personnel of the court. There a taxing law of the State of Kentucky, similar in some of its features to the Washington statute discussed above, was held to be in conflict with the Federal laws, because it assumed to tax the bank and its property and franchises. This was held to be a tax against the bank and not against the stock in the hands of the stockholders.

I have not overlooked *National Bank* v. *City of Richmond* (42 Fed. 877), where it was held that a law of the State of Virginia, taxing the entire amount of the shares (after deducting the value of the real estate) against the bank and fixing a penalty for non-payment of the taxes, was in conflict with section 5219 of the United

States Revised Statutes, but I do not regard that case as parallel or controlling, and it was not followed in *First Nat. Bank of Aberdeen* v. *Chehalis County* (6 Wash. 64), which was apparently approved by the Supreme Court of the United States (166 U. S. 440   144).

I, therefore, hold that the plaintiff is entitled to the relief demanded in the complaint.

Findings and judgment to that effect may be submitted.